UNITED STATES DISTRICT COURT
District of Connecticut

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | CASE NO. 3:16CR6 (MPS)<br>USM NO: 22818-014 |
| JOHN EASTMAN | NEERAJ PATEL<br>Assistant United States Attorney |
| | WILLIAM M. BLOSS<br>Defendant's Attorney |

FILED 2017 NOV 30 A 10: 19 US DISTRICT COURT HARTFORD CT

THE DEFENDANT: plead guilty to count **1** of the Indictment.

Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Use of an Interstate Facility to Persuade a Minor to Engage in Unlawful Sexual Activity | May 2013 | 1 |

The sentence reflects the need to protect the public and deter the defendant, in light of the defendant's long criminal record and previous sentences, including for conduct against minors; serious uncharged criminal conduct; criminal conduct while on probation under strict conditions; and previous refusals to comply with the rules of sex offender treatment. The sentence also was based on the need to reflect the seriousness of the offense, which involved deception and creating a visual depiction of a minor involved in sexual conduct. The sentence also included a downward variance to take account of the fact that the Guidelines range was greater than necessary to serve the purposes of sentencing and to provide some extra credit for the defendant's lengthy pre-trial incarceration in an austere holding facility with no programming. The court also imposed a lifetime term of supervised release with strict conditions, including computer monitoring, to protect the public, which the Court found to be warranted by the defendant's history and characteristics.

**IMPRISONMENT**
The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of **204** months, with credit for time served.

**SUPERVISED RELEASE**
Upon release from imprisonment, the defendant shall be on supervised release for a total term of **Life**. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. **You must not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of your background and current offense and who has been approved by the Probation Office.**

2. **You must not loiter around playgrounds schools, youth-oriented organizations/clubs or any other place where children under the age of 18 are known to congregate. You must not associate with or have contact with convicted sex offenders or those considered inappropriate by the Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling program.**

1

3. You must submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that you are in compliance with the requirements of your supervision following the completion of a sex offender treatment program. You must pay all or a portion of the costs associated with testing based upon your ability to pay as determined by the Probation Office and approved by the Court.

4. You must not possess any materials including pictures, photographs, books, drawings, videos, or video games depicting child pornography, as defined in 18 U.S.C. § 2256.

5. You must submit your person, residence, office or vehicle to a search, conducted by a U. S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you must inform any other residents that the premises may be subject to searches pursuant to this condition.

6. You must submit all photographic equipment, personal computers or other Internet-capable devices and related equipment, owned, controlled or used by you to a review conducted by the U. S. Probation Office or its designee at a reasonable time and in a reasonable manner without prior notice or search warrant. You must also permit the Probation Office to install and use monitoring programs on all such equipment. You must bear the costs of said monitoring programs, depending on your ability to do so. Refusal to submit to such search will be a violation of conditions of supervision. This condition may be modified on motion by the parties or at the recommendation of the Probation Office, communicated to the parties, based on changes in technology.

7. You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the Probation Office, the Bureau of Prisons, or any state sex offender registration agency, in which you reside, work, are a student, or were convicted of a qualifying offense.

8. You must not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the Probation Officer.

9. You must participate in mental health treatment, with an emphasis on sexual offender treatment, as recommended by the U. S. Probation Office and approved by the Court, and must abide by the policies and procedures of the program, which may include polygraph testing. You must pay all or a portion of the costs associated with treatment based upon your ability to pay as determined by the Probation Office and approved by the Court.

10. You must participate in substance abuse evaluation and treatment in a program recommended by the Probation Office and approved by the Court. You must comply with the rules of the program.

11. You must provide the Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills and credit card statements. The purpose of this condition is to ensure that you do not purchase child pornography or blocking software and that you do not engage in harassing or illegal communications.

**CRIMINAL MONETARY PENALTIES**
The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

Special Assessment: $100.00

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all costs and special assessments imposed by this judgment, are paid.

The defendant is remanded to the custody of the United States Marshal.

Count **2** is dismissed on the oral motion of the Government.

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**
That the defendant serve his term of incarceration at FMC Devens.

November 28, 2017
Date of Imposition of Sentence

**/s/ MICHAEL P. SHEA**
Michael P. Shea
United States District Judge
Date: November 30, 2017

# CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5) ■ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

(7) ■ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable*

## STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  _____
Defendant                                                          Date

_____  _____
U.S. Probation Officer/Designated Witness      Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____
Brian Taylor
Acting United States Marshal

By _____
Deputy Marshal

5