# 17-3893-cr

# United States Court of Appeals

*for the*

## Second Circuit

———◆———

UNITED STATES OF AMERICA,

*Appellee,*

— v. —

JOHN EASTMAN,

*Defendant-Appellant.*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT (NEW HAVEN)

**JOINT APPENDIX**
**Volume 1 of 3 (Pages A-1 to A-215)**

SANDRA SLACK GLOVER
NEERAJ N. PATEL
UNITED STATES ATTORNEY'S OFFICE,
   DISTRICT OF CONNECTICUT
*Attorneys for Appellee*
Connecticut Financial Center
157 Church Street, 25th Floor
New Haven, Connecticut 06510
(203) 821-3700

DAVID A. MORAGHAN
SMITH KEEFE MORAGHAN
   & WATERFALL, LLC
*Attorneys for Defendant-Appellant*
257 Main Street, Fl. 2-2
Torrington, Connecticut 06790
(860) 482-7651

i

## TABLE OF CONTENTS

**Page**

Lower Court Docket Entries ...................................... A-1

Complaint, dated February 12, 2015 ........................ A-23

Indictment, filed January 7, 2016 ............................ A-38

Notice of Motion, by Defendant, to Suppress
   Physical Evidence and Statements, dated
   January 22, 2016.................................................. A-42

Memorandum of Law, by Defendant, in Support of
   Motion, dated January 22, 2016 ........................... A-44

   Exhibit A to Memorandum of Law-
   Export Report..................................................... A-61

   Exhibit B to Memorandum of Law -
   Affidavit of John Eastman, sworn to
   November 25, 2015 ............................................. A-91

   Exhibit C to Memorandum of Law -
   Affidavit of Linda Eastman, sworn to
   November 23, 2015 ............................................. A-95

   Exhibit D to Memorandum of Law-
   Incident and Offense Report, dated May 7, 2013 .. A-98

Government's Memorandum of Law, in Opposition
   to Motion, dated March 26, 2018 ........................ A-107

   Exhibit A to Memorandum -
   Declaration of Peter Morgan, in Opposition to
   Motion, dated March 25, 2016 ............................. A-137

   Exhibit A-1 to Memorandum -
   Advisement of Rights ............................................ A-146

ii

**Page**

Exhibit A-2 to Memorandum -
Voluntary Statement of Rights Form ..................... A-148

Exhibit A-3 to Memorandum -
Voluntary Statement................................................ A-150

Exhibit A-4 to Memorandum -
Consent Search Form............................................... A-153

Exhibit B to Memorandum -
Declaration of Allison M. Haimila, in Opposition
to Motion, dated March 28, 2016 ......................... A-155

Exhibit C to Memorandum -
(i) Laboratory Report by Special Agent Allison
Haimila, dated March 22, 2016 ............................. A-159

(ii) *Curriculum Vitae* of Joan A. DiMartino........... A-162

Exhibit D to Memorandum -
Waiver of Extradition Proceedings, dated
May 15, 2013 ......................................................... A-169

Exhibit E to Memorandum -
Uniform Arrest Report, dated May 29, 2013 ......... A-171

Exhibit F to Memorandum -
Booking Card.......................................................... A-173

Exhibit G to Memorandum -
Complete Questionnaire of Waterbury Police
5Department .......................................................... A-178

Exhibit H to Memorandum -
Electronic Monitoring Agreement, dated
January 28, 2011 .................................................... A-177

Exhibit I to Memorandum -
Fingerprint Card...................................................... A-183

iii

| | Page |
|---|---|
| Exhibit J to Memorandum - Norfolk Sheriff's Office Room and Board Policy | A-185 |
| Stipulation regarding evidence related to Defendant's Motion to Suppress, dated May 6, 2016 | A-193 |
| So-Ordered Stipulation of the Honorable Michael P. Shea, dated May 6, 2016 | A-197 |
| Reply Memorandum of Law, by Defendant, in Response to the Government's Opposition, dated May 17, 2016 | A-201 |
| Exhibit E to Reply Memorandum - Refusal to be Fingerprinted Documents | A-210 |
| Transcript of Suppressing Hearing held before Michael P. Shea, dated May 31, 2016 | A-216 |
| Defendant's Exhibit List | A-454 |
| Government's Exhibit List | A-456 |
| Defendant's Witness List | A-458 |
| Defendant's Proposed Finding of Facts and Conclusions of Law, dated June 27, 2016 | A-459 |
| Exhibit F to Proposed Finding of Facts and Conclusions of Law - Property Record Report and Property Inventory | A-489 |
| Government's Proposed Finding of Facts and Conclusions of Law regarding Defendant's Motion to Suppress Evidence, dated June 27, 2016 | A-494 |
| Ruling on Motion to Suppress of the Honorable Michael P. Shea, dated August 15, 2016 | A-535 |

iv

**Page**

Plea Agreement, dated March 2, 2017 ....................... A-561

Transcript of Sentencing Proceedings held before
   the Honorable Michael P. Shea, dated
     March 2, 2017 ......................................................... A-573

Transcript of Plea Proceedings held before the
   Honorable Michael P. Shea, dated
     March 2, 2017 ......................................................... A-613

Transcript of Sentencing Proceedings held before
   the Honorable Michael P. Shea, dated
     November 29, 2017 ................................................ A-653

Notice of Appeal, dated December 1, 2017 ............... A-723

A-1

- [Civil](#)
- [Criminal](#)
- [Query](#)
- [Reports](#)
- [Utilities](#)
- [Search](#)
- Help
- [Log Out](#)

APPEAL,CLOSED,EFILE

## U.S. District Court
## District of Connecticut (New Haven)
## CRIMINAL DOCKET FOR CASE #: 3:16-cr-00006-MPS-1

Case title: USA v. Eastman                          Date Filed: 01/07/2016
Magistrate judge case number: 3:15-mj-00021-JGM     Date Terminated: 11/30/2017

Assigned to: Judge Michael P. Shea

**Defendant (1)**

**John Eastman**                    represented by   **David A. Moraghan**
*TERMINATED: 11/30/2017*                             Smith, Keefe, Moraghan & Waterfall,
                                                     LLC
                                                     P.O. Box 1146
                                                     257 Main St., 2nd Floor
                                                     Torrington, CT 06790
                                                     860-482-7651
                                                     Fax: 860-482-7845
                                                     Email: dam@skmwlaw.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: CJA Appointment*

                                                     **Kelly M. Barrett**
                                                     Federal Public Defender's Office - NH
                                                     265 Church St., Suite 702
                                                     New Haven, CT 06510-7005
                                                     203-498-4200
                                                     Fax: 203-498-4207
                                                     Email: Kelly_barrett@fd.org
                                                     *TERMINATED: 08/22/2016*
                                                     *LEAD ATTORNEY*

A-2

*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*

**Moira Lynn Buckley**
Federal Public Defender's Office - Htfd
10 Columbus Blvd.
6th Floor
Hartford, CT 06106-1976
860-493-6260
Fax: 860-493-6269
Email: moira_buckley@fd.org
*TERMINATED: 05/04/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**William M. Bloss**
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Ave.
Bridgeport, CT 06604
203-336-4421
Fax: 203-368-3244
Email: bbloss@koskoff.com
*TERMINATED: 11/27/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**David Smith Keenan**
Federal Public Defender's Office - NH
265 Church St., Suite 702
New Haven, CT 06510-7005
203-498-4200
Fax: 203-498-4207
Email: David_Keenan@fd.org
*TERMINATED: 08/22/2016*
*ATTORNEY TO BE NOTICED*

**Pending Counts**

COERCION OR ENTICEMENT OF
FEMALE
(1)

**Disposition**

The defendant is hereby committed to the
custody of the Federal Bureau of Prisons
to be imprisoned for a total of 204
months, with credit for time served;
supervised release for a total term of
LIFE; special assessment of $100.

**A-3**

ACTIVITIES RE MATERIAL
CONSTITUTING/CONTAINING
CHILD PORNO; Possession of Child
Pornography
(2)

Dismissed on the motion of the
Government

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:2422.F- Persuading, inducing, coercing and enticing a minor to engage in unlawful sexual activity, and attempting to do the same. | |

---

**Plaintiff**

| **USA** | represented by | **Neeraj Patel** |
|---|---|---|
| | | DOJ-USAO |
| | | U.S. Attorney's Office-CT |
| | | 157 Church Street |
| | | 25th FL. |
| | | New Haven, CT 06510 |
| | | 203-821-3720 |
| | | Email: Neeraj.Patel@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2015 | 1 | COMPLAINT Signed by Judge Joan G. Margolis as to John Eastman (1). (Attachments: # 1 Affidavit) (Perez, J.) [3:15-mj-00021-JGM] (Entered: 02/13/2015) |
| 02/12/2015 | 2 | ELECTRONIC FILING ORDER as to John Eastman - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Joan G. Margolis on 2/12/2105. (Perez, J.) [3:15-mj-00021-JGM] |

A-4

| | | |
|---|---|---|
| | | (Entered: 02/13/2015) |
| 02/13/2015 | 3 | Application for Writ of Habeas Corpus ad Prosequendum as to John Eastman with order thereon. Original writ and two true attested copies handed USM for service. Signed by Judge Joan G. Margolis. (Campbell, A) [3:15-mj-00021-JGM] (Entered: 02/13/2015) |
| 02/20/2015 | 5 | ORAL MOTION for Pretrial Detention by USA as to John Eastman. (Perez, J.) [3:15-mj-00021-JGM] (Entered: 02/24/2015) |
| 02/20/2015 | 6 | Minute Entry for proceedings held before Judge Joan G. Margolis:Initial Appearance as to John Eastman held on 2/20/2015, Motion Hearing as to John Eastman held on 2/20/2015 re 5 MOTION for Pretrial Detention filed by USA, ( Probable Cause Hearing set for 3/6/2015 01:00 PM in Courtroom Four, 141 Church Street, New Haven, CT before Judge Joan G. Margolis) Defendant detained. Total time: 6 minutes(Court Reporter FTR.)(Perez, J.) [3:15-mj-00021-JGM] (Entered: 02/24/2015) |
| 02/20/2015 | 7 | ORDER OF DETENTION granting 5 Motion for Pretrial Detention as to John Eastman (1). Signed by Judge Joan G. Margolis on 2/20/2015. (Perez, J.) [3:15-mj-00021-JGM] (Entered: 02/24/2015) |
| 02/20/2015 | 8 | SEALED CJA 23 Financial Affidavit by John Eastman (Perez, J.) [3:15-mj-00021-JGM] (Entered: 02/24/2015) |
| 02/20/2015 | 9 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to John Eastman Kelly M. Barrett for John Eastman appointed Signed by Judge Joan G. Margolis on 2/20/2015. (Perez, J.) [3:15-mj-00021-JGM] (Entered: 02/24/2015) |
| 02/23/2015 | 4 | ATTORNEY APPEARANCE Neeraj Patel appearing for USA (Patel, Neeraj) [3:15-mj-00021-JGM] (Entered: 02/23/2015) |
| 03/05/2015 | 10 | Consent MOTION to Continue *Preliminary Hearing* by John Eastman. (Barrett, Kelly) [3:15-mj-00021-JGM] (Entered: 03/05/2015) |
| 03/05/2015 | 11 | ORDER granting 10 Motion to Continue as to John Eastman (1). The Court orders that the time from March 6, 2015, through and including May 6, 2015 is excluded from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. ' 3161(h)(8)(A), as this continuance is in the best interest of the defendant and that interest outweighs the public's interest in a speedy trial.. Signed by Judge Joan G. Margolis on 3/5/2015. (Perez, J.) [3:15-mj-00021-JGM] (Entered: 03/05/2015) |
| 03/09/2015 | 12 | WAIVER of Preliminary Examination or Hearing by John Eastman (Barrett, Kelly) [3:15-mj-00021-JGM] (Entered: 03/09/2015) |
| 03/26/2015 | 13 | Consent MOTION for Protective Order by USA as to John Eastman. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Patel, Neeraj) [3:15-mj-00021-JGM] (Entered: 03/26/2015) |
| 04/06/2015 | 14 | ELECTRONIC ORDER granting 13 Motion for Protective Order as to John Eastman (1). Signed by Judge Joan G. Margolis on 4/6/15. (Margolis, Joan) [3:15-mj-00021-JGM] (Entered: 04/06/2015) |

**A-5**

| 04/07/2015 | 15 | PROTECTIVE ORDER as to John Eastman<br>Signed by Judge Joan G. Margolis on 4/6/2015. (Perez, J.) [3:15-mj-00021-JGM] (Entered: 04/07/2015) |
|---|---|---|
| 04/27/2015 | 16 | Second MOTION to Continue *Probable Cause Hearing* by John Eastman. (Barrett, Kelly) [3:15-mj-00021-JGM] (Entered: 04/27/2015) |
| 04/27/2015 | 17 | WAIVER of Preliminary Examination or Hearing by John Eastman (Barrett, Kelly) [3:15-mj-00021-JGM] (Entered: 04/27/2015) |
| 04/27/2015 | 18 | ORDER granting 16 Motion to Continue as to John Eastman (1). The Court orders that the time from April 27, 2015, through and including July 6, 2015 is excluded from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. ' 3161(h)(8)(A), as this continuance is in the best interest of the defendant and that interest outweighs the public's interest in a speedy trial. Signed by Judge Joan G. Margolis on 4/27/2015. (Perez, J.) [3:15-mj-00021-JGM] (Entered: 04/27/2015) |
| 06/26/2015 | 19 | USM Return of Service on Arrest Warrant executed as to John Eastman on 2/20/2015 (Malone, P.) [3:15-mj-00021-JGM] (Entered: 07/01/2015) |
| 07/23/2015 | 20 | Third MOTION to Continue *Probable Cause Hearing (Unopposed)* by John Eastman. (Barrett, Kelly) [3:15-mj-00021-JGM] (Entered: 07/23/2015) |
| 07/23/2015 | 21 | WAIVER of Preliminary Examination or Hearing by John Eastman (Barrett, Kelly) [3:15-mj-00021-JGM] (Entered: 07/23/2015) |
| 07/23/2015 | 22 | ORDER granting 20 Motion to Continue as to John Eastman (1). The Court orders that the time from July 6, 2015, through and including October 6, 2015 is excluded from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. ' 3161(h)(8)(A), as this continuance is in the best interest of the defendant and that interest outweighs the public's interest in a speedy trial. Signed by Judge Joan G. Margolis on 7/23/2015. (Perez, J.) [3:15-mj-00021-JGM] (Entered: 07/23/2015) |
| 09/28/2015 | 23 | Consent MOTION to Continue *Probable Cause Hearing* by John Eastman. (Barrett, Kelly) [3:15-mj-00021-JGM] (Entered: 09/28/2015) |
| 09/28/2015 | 24 | WAIVER of Preliminary Examination or Hearing by John Eastman (Barrett, Kelly) [3:15-mj-00021-JGM] (Entered: 09/28/2015) |
| 09/29/2015 | 25 | ORDER granting 23 Motion to Continue as to John Eastman (1).The Court orders that the time from October 6, 2015, through and including January 6, 2016 is excluded from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. ' 3161(h)(8)(A), as this continuance is in the best interest of the defendant and that interest outweighs the public's interest in a speedy trial.. Signed by Judge Joan G. Margolis on 9/29/2015. (Perez, J.) [3:15-mj-00021-JGM] (Entered: 09/29/2015) |
| 12/22/2015 | 26 | Consent MOTION to Continue *Preliminary Hearing* by John Eastman. (Attachments: # 1 Exhibit Speedy Trial Waiver)(Barrett, Kelly) [3:15-mj-00021-JGM] (Entered: 12/22/2015) |
| 12/29/2015 | 27 | ORDER granting 26 Motion to Continue as to John Eastman (1). The Court orders that the time from 12/29/2015, through and including 2/6/2016, is excluded from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. ' 3161(h)(8)(A), as |

| | | this continuance is in the best interest of the defendant and that interest outweighs the public's interest in a speedy trial. Signed by Judge Joan G. Margolis on 12/29/15. (Campbell, A) [3:15-mj-00021-JGM] (Entered: 12/29/2015) |
|---|---|---|
| 01/07/2016 | 28 | INDICTMENT returned before Judge Sarah A. L. Merriam. Grand jury number N-15-1 as to John Eastman (1) count(s) 1, 2. (Anastasio, F.) Modified text on 1/14/2016 (Anastasio, F.). (Entered: 01/11/2016) |
| 01/07/2016 | 29 | ELECTRONIC FILING ORDER as to John Eastman - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Michael P. Shea on 1/7/2016. (Anastasio, F.) (Entered: 01/11/2016) |
| 01/22/2016 | 30 | MOTION to Suppress *Physical Evidence and Statements* by John Eastman. (Barrett, Kelly) (Entered: 01/22/2016) |
| 01/22/2016 | 31 | Memorandum in Support by John Eastman re 30 MOTION to Suppress *Physical Evidence and Statements* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Barrett, Kelly) (Entered: 01/22/2016) |
| 02/02/2016 | 32 | Minute Entry for proceedings held before Judge Donna F. Martinez:Arraignment as to John Eastman (1) Counts 1,2 held on 2/2/2016, Plea entered by John Eastman Not Guilty on counts 1,2, indictment. Time 4 minutes(Court Reporter FTR.)(Wood, R.) (Entered: 02/05/2016) |
| 02/02/2016 | 33 | SCHEDULING ORDER as to John Eastman; Substantive Motions due 2/23/2016, Government Response due 3/1/2016, Proposed Voir Dire Questions due 3/23/2016, Proposed Jury Instructions due 3/23/2016, Jury Selection set for 3/28/2016 at 8:45 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea. Signed by Judge Donna F. Martinez on 2/2/16. (Wood, R.) (Entered: 02/05/2016) |
| 02/08/2016 | 34 | ORDER. The Court will hold an in-court status conference on **February 23, 2016** at 10:00 a.m, at which the defendant must be present.<br><br>Signed by Judge Michael P. Shea on 2/8/2016. (Hillier, D.) (Entered: 02/08/2016) |
| 02/09/2016 | 35 | NOTICE OF E-FILED CALENDAR as to John Eastman: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Status Conference set for 2/23/2016 10:00 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 02/09/2016) |
| 02/09/2016 | 36 | ORDER. The in-court status conference is reset for **March 11, 2016** at 3:30 p.m. The defendant must be present.<br><br>Signed by Judge Michael P. Shea on 2/9/2016. (Hillier, D.) (Entered: 02/09/2016) |
| 02/09/2016 | 37 | NOTICE OF E-FILED CALENDAR as to John Eastman: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Status Conference set for 3/11/2016 03:30 PM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 02/10/2016) |

A-7

| 02/12/2016 | 38 | Consent MOTION for Extension of Time to File Response/Reply as to 30 MOTION to Suppress *Physical Evidence and Statements* until March 28, 2016 by USA as to John Eastman. (Patel, Neeraj) (Entered: 02/12/2016) |
|---|---|---|
| 02/16/2016 | 39 | ORDER. The 38 Motion for Extension Time is GRANTED. The Government has until **March 28, 2016** to respond to the 30 Motion to Suppress Physical Evidence and Statements.<br><br>Signed by Judge Michael P. Shea on 2/16/2016. (Hillier, D.) (Entered: 02/16/2016) |
| 02/16/2016 | | Set Deadlines re Motion or Report and Recommendation in case as to John Eastman 30 MOTION to Suppress *Physical Evidence and Statements*. Responses due by 3/28/2016 (Johnson, D.) (Entered: 02/17/2016) |
| 03/08/2016 | 40 | ORDER. The in-court status conference is reset for **March 11, 2016 at 10:00 a.m.** The defendant must be present.<br><br>Signed by Judge Michael P. Shea on 3/8/2016. (Hillier, D.) (Entered: 03/08/2016) |
| 03/11/2016 | 41 | Minute Entry for proceedings held before Judge Michael P. Shea:Status Conference as to John Eastman held on 3/11/2016 20 minutes(Court Reporter Marshall.) (Johnson, D.) (Entered: 03/11/2016) |
| 03/11/2016 | 42 | ORDER. A hearing on the 30 Motion to Suppress will be held on **March 31, 2016** at 9:00 a.m. and, if necessary, will continue on **April 1, 2016** at 9:00 a.m. The parties shall email chambers by **March 30, 2016** at 12:00 p.m. with (1) a proposed witness list and (2) any supplemental authority that the plaintiff wishes the Court to consider in light of the Government's response to the pending motion. The parties shall provide chambers' copies of exhibits by **March 30, 2016** at 12:00 p.m.<br><br>Signed by Judge Michael P. Shea on 3/11/2016. (Hillier, D.) (Entered: 03/11/2016) |
| 03/11/2016 | 43 | ORDER. Jury selection is reset for **September 7, 2016**. For the reasons set forth on the record at today's status conference, the time between today and September 7, 2016 shall be excluded in computing the time within which a trial must begin under the Speedy Trial Act. As a summary, the time is excluded because of the delay resulting from the filing of a motion to suppress, which the Court promptly will consider at a scheduled hearing. 18 U.S.C. § 3161(h)(1)(D).The time is also excluded because the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial because failing to deny a continuance in this case, which although not so unusual or so complex as to fall within clause (ii), would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(iv). Specifically, the defendant represents that such a continuance will be necessary for the defendant to find and retain a forensic expert to present his defense and to develop a trial strategy after the Court's disposition of the pending motion to suppress.<br><br>Signed by Judge Michael P. Shea on 3/11/2016. (Hillier, D.) (Entered: 03/11/2016) |

A-8

| 03/11/2016 | | Reset Deadlines/Hearings as to John Eastman: Jury Selection set for 9/7/2016 09:00 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea), Set Deadlines re Motion in case as to John Eastman 30 MOTION to Suppress *Physical Evidence and Statements.*Responses due by 3/31/2016 (Johnson, D.) (Entered: 03/14/2016) |
|---|---|---|
| 03/11/2016 | 45 | REVISED SCHEDULING ORDER as to John Eastman Jury Selection set for 9/7/2016 09:00 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea<br>Signed by Judge Michael P. Shea on 3/11/16. (Johnson, D.) (Entered: 03/15/2016) |
| 03/14/2016 | 44 | ATTORNEY APPEARANCE: David Smith Keenan appearing for John Eastman (Keenan, David) (Entered: 03/14/2016) |
| 03/28/2016 | 46 | Memorandum in Opposition by USA as to John Eastman re 30 MOTION to Suppress *Physical Evidence and Statements* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Patel, Neeraj) (Entered: 03/28/2016) |
| 03/30/2016 | 47 | ORDER. The suppression hearing currently set for March 31, 2016 is reset for May 31, 2016 at 9:00 a.m. and, if necessary, will continue on June 1, 2016 or June 2, 2016. The parties shall email chambers a proposed witness list and provide chambers' copies of exhibits by May 23, 2016 at 12:00 p.m. The plaintiff may file a reply to the Government's 46 Memorandum in Opposition by May 17, 2016.<br><br>Signed by Judge Michael P. Shea on 3/30/2016. (Hillier, D.) (Entered: 03/30/2016) |
| 03/30/2016 | | Reset Deadlines re Motion in case as to John Eastman 30 MOTION to Suppress *Physical Evidence and Statements.* Replies due by 5/17/2016. Motion Hearing set for 5/31/2016 09:00 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 03/31/2016) |
| 05/06/2016 | 48 | STIPULATION *Regarding Evidence Related to Defendant's Motion to Suppress, and Proposed Order* by USA (Patel, Neeraj) (Entered: 05/06/2016) |
| 05/06/2016 | 49 | ORDER approving 48 Stipulation Regarding Evidence Related to Defendant's Motion to Suppress.<br><br>Signed by Judge Michael P. Shea on 5/6/2016. (Hillier, D.) (Entered: 05/06/2016) |
| 05/17/2016 | 50 | RESPONSE/REPLY by John Eastman re 31 Memorandum in Support of Motion, 46 Memorandum in Opposition to Motion, 30 Motion to Suppress (Attachments: # 1 Exhibit E)(Barrett, Kelly) (Entered: 05/17/2016) |
| 05/31/2016 | 51 | Minute Entry for proceedings held before Judge Michael P. Shea: taking under advisement 30 Motion to Suppress as to John Eastman (1); Motion Hearing as to John Eastman held on 5/31/2016 re 30 MOTION to Suppress *Physical Evidence and Statements* filed by John Eastman. Total Time: 5 hours(Court Reporter Marshall.) (Johnson, D.) (Entered: 06/01/2016) |

A-9

| 06/10/2016 | 52 | TRANSCRIPT of Proceedings: as to John Eastman Type of Hearing: Suppression Hearing. Held on May 31, 2016 before Judge Michael P. Shea. Court Reporter: Martha Marshall. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 7/1/2016. Redacted Transcript Deadline set for 7/11/2016. Release of Transcript Restriction set for 9/8/2016. (Marshall, M.) (Entered: 06/10/2016) |
| --- | --- | --- |
| 06/21/2016 | 53 | Marked Exhibit List by John Eastman. (Johnson, D.) (Entered: 06/22/2016) |
| 06/21/2016 | 54 | Marked Exhibit List by USA as to John Eastman (Johnson, D.) (Entered: 06/22/2016) |
| 06/21/2016 | 55 | Marked Witness List by John Eastman (Johnson, D.) (Entered: 06/22/2016) |
| 06/21/2016 | 56 | Marked Witness List by USA as to John Eastman (Johnson, D.) (Entered: 06/22/2016) |
| 06/24/2016 | 57 | Consent MOTION for Extension of Time to File Proposed Findings of Fact and Conclusions of Law until June 27, 2016 at 10:00 a.m. by USA as to John Eastman. (Patel, Neeraj) (Entered: 06/24/2016) |
| 06/24/2016 | 58 | ORDER. The 57 Motion for Extension of Time is GRANTED. The parties have until close of business on **June 27, 2016** to file their proposed findings of fact and conclusions of law.

Signed by Judge Michael P. Shea on 6/24/2016. (Hillier, D.) (Entered: 06/24/2016) |
| 06/27/2016 | 59 | TRIAL MEMO *(Defendant's Proposed Findings of Fact and Conclusions of Law* by John Eastman (Attachments: # 1 Exhibit F)(Barrett, Kelly) (Entered: 06/27/2016) |
| 06/27/2016 | 60 | MOTION to Seal Defendant's Proposed Findings of Fact and Conclusions of Law, MOTION Redact Portion of Defendant's Proposed Findings of Fact and Conclusions of Law re 59 Trial Memo by John Eastman. (Barrett, Kelly) (Entered: 06/27/2016) |
| 06/27/2016 | 61 | Sealed Document: Defendant's Proposed Findings of Fact and Conclusions of Law by John Eastman re 59 Trial Memo, 60 MOTION to Seal Defendant's Proposed Findings of Fact and Conclusions of Law MOTION Redact Portion of Defendant's Proposed Findings of Fact and Conclusions of Law re 59 Trial Memo - (Barrett, Kelly) (Entered: 06/27/2016) |

A-10

| | | |
|---|---|---|
| 06/27/2016 | 62 | TRIAL MEMO *Government's Proposed Findings of Fact and Conclusions of Law Regarding Defendant's Motion to Suppress Evidence (REDACTED VERSION)* by USA as to John Eastman (Patel, Neeraj) (Entered: 06/27/2016) |
| 06/27/2016 | 63 | MOTION to Seal Unredacted Copy of Government's Proposed Findings of Fact and Conclusions of Law Regarding Defendant's Motion to Suppress Evidence by USA as to John Eastman. (Patel, Neeraj) (Entered: 06/27/2016) |
| 06/27/2016 | | Sealed Document: Government's Proposed Findings of Fact and Conclusions of Law Regarding Defendant's Motion to Suppress Evidence (UNREDACTED VERSION) by USA as to John Eastman - (Patel, Neeraj) (Entered: 06/27/2016) |
| 06/28/2016 | 65 | ORDER. The 60 and 63 Motions to Seal are GRANTED as to John Eastman (1). Signed by Judge Michael P. Shea on 6/28/16. (LaLone, L.) (Entered: 06/28/2016) |
| 06/30/2016 | 66 | ORDER. A telephonic status conference will be held on **August 3, 2016** at 9:00 a.m. Chambers will provide dial-in instructions by email.<br><br>Signed by Judge Michael P. Shea on 6/30/2016. (Hillier, D.) (Entered: 06/30/2016) |
| 06/30/2016 | | Set Deadlines/Hearings as to John Eastman: Telephonic Status Conference set for 8/3/2016 09:00 AM before Judge Michael P. Shea (Johnson, D.) (Entered: 07/01/2016) |
| 07/22/2016 | 67 | Consent MOTION to Continue *Jury Selection and Deadline for Indicating Intent to Plead Guilty* by John Eastman. (Barrett, Kelly) (Entered: 07/22/2016) |
| 07/22/2016 | 68 | WAIVER of Speedy Trial by John Eastman (Barrett, Kelly) (Entered: 07/22/2016) |
| 08/01/2016 | 69 | ORDER. The Court GRANTS the 67 Motion to Continue. Jury selection is reset for **November 9, 2016**. Signed by Judge Michael P. Shea on 8/1/2016. (Hillier, D.) (Entered: 08/01/2016) |
| 08/01/2016 | 70 | ORDER. The telephonic status conference set for August 3, 2016 is CANCELLED.<br><br>Signed by Judge Michael P. Shea on 8/1/2016. (Hillier, D.) (Entered: 08/01/2016) |
| 08/01/2016 | | Set/Reset Deadlines/Hearings as to John Eastman: Jury Selection set for 11/9/2016 09:00 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 08/02/2016) |
| 08/01/2016 | | Terminate Deadlines and Hearings as to John Eastman: Telephonic Status Conference (Johnson, D.) (Entered: 08/02/2016) |
| 08/03/2016 | 71 | SECOND REVISED PRE-TRIAL ORDER as to John Eastman Signed by Judge Michael P. Shea on 8/3/16. (Johnson, D.) (Entered: 08/03/2016) |
| 08/15/2016 | 72 | ORDER. For the reasons discussed in the attached ruling, the Court DENIES the 30 Motion to Suppress.<br><br>Signed by Judge Michael P. Shea on 8/15/2016. (Hillier, D.) (Entered: 08/15/2016) |

A-11

| | | |
|---|---|---|
| 08/17/2016 | 73 | MOTION for Kelly M. Barrett to Withdraw as Attorney *and For Appointment of CJA Counsel* by John Eastman. (Barrett, Kelly) (Entered: 08/17/2016) |
| 08/17/2016 | 74 | ORDER. The Court will hold a hearing on the 73 Motion to Withdraw and for Appointment of New Counsel on **August 22, 2016** at 2:00 p.m. The defendant, Attorney Barrett, and Attorney Keenan, must attend. An attorney from the U.S. Attorney's office must also attend the hearing, although he or she may be excused from the courtroom for a portion of the hearing.<br><br>Signed by Judge Michael P. Shea on 8/17/2016. (Hillier, D.) (Entered: 08/17/2016) |
| 08/17/2016 | | Set Deadlines re Motion or Report and Recommendation in case as to John Eastman 73 MOTION for Kelly M. Barrett to Withdraw as Attorney *and For Appointment of CJA Counsel*. Motion Hearing for 8/22/2016 02:00 PM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 08/18/2016) |
| 08/22/2016 | 75 | MOTION to Dismiss Counsel by John Eastman. (Shafer, J.) (Entered: 08/22/2016) |
| 08/22/2016 | | Attorney update in case as to John Eastman. Attorney Moira Lynn Buckley for John Eastman added. (Wood, R.) (Entered: 08/23/2016) |
| 08/22/2016 | 76 | Minute Entry for proceedings held before Judge Michael P. Shea: Granting 73 Motion to Withdraw as Attorney. Kelly M. Barrett and David Smith Keenan withdrawn from case. as to John Eastman (1); Motion Hearing as to John Eastman held on 8/22/2016 re 73 MOTION for Kelly M. Barrett to Withdraw as Attorney *and For Appointment of CJA Counsel* filed by John Eastman. 20 minutes(Court Reporter Marshall.) (Johnson, D.) (Entered: 08/23/2016) |
| 08/23/2016 | 77 | ORDER. The 75 Motion to Dismiss Counsel is DENIED as moot because the Court granted the defendant's attorneys' 73 Motion to Withdraw. (ECF No. 76.) Attorney Moira Buckley now represents the defendant.<br><br>Signed by Judge Michael P. Shea on 8/23/2016. (Hillier, D.) (Entered: 08/23/2016) |
| 09/02/2016 | 78 | ORDER. The Court will hold a telephonic status conference on **September 12, 2016** at 2:00 p.m. Chambers will provide dial-in information by email.<br><br>Signed by Judge Michael P. Shea on 9/2/2016. (Hillier, D.) (Entered: 09/02/2016) |
| 09/02/2016 | | Set Deadlines/Hearings as to John Eastman: Telephonic Status Conference set for 9/12/2016 02:00 PM before Judge Michael P. Shea (Johnson, D.) (Entered: 09/06/2016) |
| 09/08/2016 | 79 | Second MOTION to Continue *Jury Selection and Deadline for Indicating Intent to Plead Guilty* by John Eastman. (Buckley, Moira) (Entered: 09/08/2016) |
| 09/08/2016 | 80 | WAIVER of Speedy Trial by John Eastman (Buckley, Moira) (Entered: 09/08/2016) |
| 09/12/2016 | 81 | Minute Entry for proceedings held before Judge Michael P. Shea:Telephonic Status Conference as to John Eastman held on 9/12/2016 15 minutes(Court Reporter Marshall.)(Johnson, D.) (Entered: 09/12/2016) |

A-12

| 09/12/2016 | 82 | NOTICE. As discussed on the telephonic status conference today, the Court will take no action on the 79 Defendant's Second Motion to Continue Jury Selection and Deadline for Indicating Intent to Plead Guilty. Defendant's counsel indicated that she will confer with her client regarding possibly filing an amended motion to continue jury selection and waiver of speedy trial. The Court will await any such motion before taking action on the 79 Defendant's motion.<br><br>Signed by Judge Michael P. Shea on 09/12/2016. (Howard, H.) (Entered: 09/12/2016) |
|---|---|---|
| 09/29/2016 | 83 | MOTION to Continue *Jury Selection* by John Eastman. (Buckley, Moira) (Entered: 09/29/2016) |
| 09/29/2016 | 84 | WAIVER of Speedy Trial by John Eastman (Buckley, Moira) (Entered: 09/29/2016) |
| 10/03/2016 | 85 | ORDER. Defendant's 83 Motion to Continue Jury Selection until April 5, 2017 is **GRANTED**. Because new defense counsel appeared in the case only recently, the Court finds that the ends of justice served by the requested continuance outweigh the best interests of the public and the Defendant in a speedy trial. In particular, the Court finds that the time period from November 5, 2016 to and including April 5, 2017 is hereby excluded under 18 U.S.C. 3161(h)(7)(B)(iv), as the failure to grant such a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account due diligence.<br><br>Signed by Judge Michael P. Shea on 10/03/2016. (Howard, H.) (Entered: 10/03/2016) |
| 10/03/2016 | | Set/Reset Deadlines/Hearings as to John Eastman: Jury Selection set for 4/5/2017 09:00 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 10/04/2016) |
| 10/18/2016 | 86 | PRE-TRIAL ORDER as to John Eastman. A pre-trial conference is set for March 29, 2017 at 3:30 p.m. in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea. Jury trial is set for April 5, 2017 in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea.<br><br>Signed by Judge Michael P. Shea on 10/18/2016. (Howard, H.) Modified to correct date on 1/3/2017 (Shafer, J.). (Entered: 10/18/2016) |
| 10/19/2016 | 87 | NOTICE OF E-FILED CALENDAR as to John Eastman: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Jury Selection set for 4/5/2017 09:00 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 10/19/2016) |
| 11/10/2016 | 88 | NOTICE as to John Eastman: The Court has received a letter dated November 1, 2016, attached here to the docket, from Defendant John Eastman. The Court will take no action based on the document, which has been filed under seal because it refers to communications between Mr. Eastman and his attorneys. The Court has provided a copy of the document to Defendant Eastman's counsel by email |

A-13

| | | |
|---|---|---|
| | | transmission today. The Court will rely on Defendant Eastmans counsel to review the document, communicate with Defendant Eastman, and take whatever action counsel deems appropriate in the circumstances. Defendant Eastman is notified that sending documents to the clerks office or the chambers of the undersigned judge is not authorized. All communications between a represented party and the judge assigned to the case must take place through counsel of record. Defendants are not authorized to file and serve documents unless they have received permission to proceed pro se, and Mr. Eastman has not received such permission.<br>Signed by Judge Michael P. Shea on 11/10/2016. (Shafer, J.) (Entered: 11/10/2016) |
| 01/25/2017 | 89 | Third MOTION to Continue *Trial and Deadline for Notice of Intent to Plead Guilty* by John Eastman. (Buckley, Moira) (Entered: 01/25/2017) |
| 01/25/2017 | 90 | Third MOTION to Continue *Trial and Deadline for Notice of Intent to Plead Guilty (date of motion corrected)* by John Eastman. (Buckley, Moira) (Entered: 01/25/2017) |
| 01/25/2017 | 91 | WAIVER of Speedy Trial by John Eastman (Buckley, Moira) (Entered: 01/25/2017) |
| 01/27/2017 | 92 | ORDER. The Court will hold a telephonic status conference on **February 2, 2017 at 4:00 pm** to discuss defendant's 89 motion to continue jury selection. Chambers will provide dial-in information by email.<br><br>Signed by Judge Michael P. Shea on 1/27/2017. (Howard, H.) (Entered: 01/27/2017) |
| 01/27/2017 | | Set Deadlines/Hearings as to John Eastman: Telephonic Status Conference set for 2/2/2017 04:00 PM before Judge Michael P. Shea (Johnson, D.) (Entered: 01/30/2017) |
| 02/02/2017 | 93 | ORDER. As discussed on the telephonic status conference held today, the Court will hold a further telephonic status conference on **February 21, 2017 at 2:00 pm**.<br><br>Signed by Judge Michael P. Shea on 2/2/2017. (Howard, H.) (Entered: 02/02/2017) |
| 02/02/2017 | | Set Deadlines/Hearings as to John Eastman: Telephonic Status Conference set for 2/21/2017 02:00 PM before Judge Michael P. Shea (Johnson, D.) (Entered: 02/03/2017) |
| 02/02/2017 | 94 | Minute Entry for proceedings held before Judge Michael P. Shea:Telephonic Status Conference as to John Eastman held on 2/2/2017 15 minutes(Court Reporter Marshall.)(Johnson, D.) (Entered: 02/03/2017) |
| 02/02/2017 | | Set Deadlines/Hearings as to John Eastman: Telephonic Status Conference set for 2/21/2017 02:00 PM before Judge Michael P. Shea (Johnson, D.) (Entered: 02/07/2017) |
| 02/21/2017 | 95 | ORDER. As discussed on the telephonic status conference held today, the Court will hold a further telephonic status conference on **March 1, 2017 at 9:15 am**. Chambers will provide counsel dial-in information via email.<br><br>Signed by Judge Michael P. Shea on 2/21/2017. (Howard, H.) (Entered: 02/21/2017) |

A-14

| 02/21/2017 | 96 | Minute Entry for proceedings held before Judge Michael P. Shea:Telephonic Status Conference as to John Eastman held on 2/21/2017 13 minutes(Court Reporter Marshall.)(Johnson, D.) (Entered: 02/21/2017) |
| 02/21/2017 | | Set Deadlines/Hearings as to John Eastman: Telephonic Status Conference set for 3/1/2017 09:15 AM before Judge Michael P. Shea (Johnson, D.) (Entered: 02/22/2017) |
| 03/01/2017 | 97 | Minute Entry for proceedings held before Judge Michael P. Shea:Telephonic Status Conference as to John Eastman held on 3/1/2017 10 minutes(Court Reporter Marshall.)(Johnson, D.) (Entered: 03/01/2017) |
| 03/01/2017 | 98 | NOTICE OF HEARING as to John Eastman ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.<br><br>Change of Plea Hearing set for 3/2/2017 03:00 PM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Patel, Neeraj) (Entered: 03/01/2017) |
| 03/02/2017 | 99 | ORDER. In light of the defendant entering a plea of guilty at the change of plea hearing today to count one of the 28 indictment, the 89 and 90 third motions to continue trial and deadline for notice of intent to plead guilty as well as the 79 motion to continue jury selection and deadline for indicating intent to plead guilty are hereby **DENIED** as moot.<br><br>Signed by Judge Michael P. Shea on 3/2/2017. (Howard, H.) (Entered: 03/02/2017) |
| 03/02/2017 | 100 | Minute Entry for proceedings held before Judge Michael P. Shea:Change of Plea Hearing as to John Eastman held on 3/2/2017, Plea entered by John Eastman (1) Guilty Count 1. by John Eastman 50 minutes(Court Reporter Marshall.)(Johnson, D.) (Entered: 03/03/2017) |
| 03/02/2017 | 101 | PLEA AGREEMENT as to John Eastman (Johnson, D.) (Entered: 03/03/2017) |
| 03/02/2017 | 102 | ORDER OF REFERRAL TO PROBATION FOR PRESENTENCE INVESTIGATION AND REPORT as to John Eastman. First Disclosure-PSI due 4/13/17; Objections Due 4/27/17; 2nd-Disclosure PSI due 5/8/17; Sentencing Memorandum due 5/15/17; Response due 5/22/17; Reply due 5/25/17 Sentencing set for 5/31/2017 02:30 PM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea<br>Signed by Judge Michael P. Shea on 3/2/17. (Johnson, D.) (Entered: 03/03/2017) |
| 03/14/2017 | 103 | First MOTION to Continue *Sentencing* by John Eastman. (Buckley, Moira) (Entered: 03/14/2017) |
| 03/16/2017 | 104 | ORDER. The Defendant's 103 motion for continuance of sentencing is hereby **GRANTED AND DENIED IN PART**. The Court hereby orders that the following deadlines apply:<br><br>1. The presentence report is due **May 12, 2017**. |

A-15

| | | |
|---|---|---|
| | | 2. Any objections to the presentence report are due **May 26, 2017**.<br><br>3. The final presentence report is due **June 5, 2017**.<br><br>4. The Defendant's sentencing memorandum is due **June 12, 2017**.<br><br>5. The Government's sentencing memorandum is due **June 19, 2017**.<br><br>6. Any reply is due by **June 22, 2017**.<br><br>7. Sentencing is scheduled for **June 26, 2017 at 10:00 am**.<br><br>Signed by Judge Michael P. Shea on 3/16/2017. (Howard, H.) (Entered: 03/16/2017) |
| 03/16/2017 | | DOCKET ENTRY CORRECTION RE: ORDER 104 granting in part and denying in part 103 Motion to Continue as to John Eastman (1); modified text to reflect ruling on motion. Signed by Judge Michael P. Shea on 3/16/17. (Johnson, D.) (Entered: 03/16/2017) |
| 03/16/2017 | | RESET SENTENCING SCHEDULING DEADLINE as to John Eastman PSI due 5/12/17; Objections due 5/26/17; 2nd PSI due 6/5/17 Memo in aid of sentencing due 6/12/17; Government Response due 6/19/17; Reply due 6/22/17. Sentencing set for 6/26/2017 10:00 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 03/17/2017) |
| 03/31/2017 | 105 | MOTION for Moira L. Buckley to Withdraw as Attorney by John Eastman. (Buckley, Moira) (Entered: 03/31/2017) |
| 04/03/2017 | 106 | ORDER. The Court will hold a hearing on the 105 motion to withdraw and for appointment of new counsel on **April 12, 2017 at 2:00 pm**, at which the defendant, Attorney Buckley, and an attorney from the U.S. Attorney's office must be present.<br><br>Signed by Judge Michael P. Shea on 4/3/2017. (Howard, H.) (Entered: 04/03/2017) |
| 04/03/2017 | 107 | NOTICE OF HEARING ON MOTION as to John Eastman re 105 MOTION for Moira L. Buckley to Withdraw as Attorney ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.<br><br>Motion Hearing set for 4/12/2017 02:00 PM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea<br>Signed by Judge Michael P. Shea on 4/3/17. (Johnson, D.) (Entered: 04/04/2017) |
| 04/12/2017 | 108 | Minute Entry for proceedings held before Judge Michael P. Shea: taking under advisement 105 Motion to Withdraw as Attorney. as to John Eastman (1); Motion Hearing as to John Eastman held on 4/12/2017 re 105 MOTION for Moira L. Buckley to Withdraw as Attorney filed by John Eastman. 40 minutes(Court Reporter Marshall.) (Johnson, D.) (Entered: 04/12/2017) |
| 04/12/2017 | 109 | ORDER. As discussed today at the hearing concerning the 105 motion for Attorney Buckley to withdraw, the Court will permit Defendant Eastman to file a pro se |

| | | |
|---|---|---|
| | | motion to withdraw his guilty plea on or before **April 22, 2017**. Further, as discussed at the hearing today, the Court will reserve judgment on the 105 motion.<br><br>Signed by Judge Michael P. Shea on 4/12/2017. (Howard, H.) (Entered: 04/12/2017) |
| 04/18/2017 | 110 | MOTION to Dismiss Counsel, MOTION to Withdraw Plea of Guilty by John Eastman. (Bozek, M.) (Entered: 04/19/2017) |
| 05/03/2017 | 111 | SEALED TRANSCRIPT of Proceedings as to John Eastman held on August 22, 2016 before Judge Michael P. Shea. Court Reporter: Martha Marshall. Type of Hearing: Hearing on Motion to Withdraw. (Marshall, M.) (Entered: 05/03/2017) |
| 05/03/2017 | 112 | TRANSCRIPT of Proceedings: as to John Eastman Type of Hearing: Plea. Held on March 2, 2017 before Judge Michael P. Shea. Court Reporter: Martha Marshall. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 5/24/2017. Redacted Transcript Deadline set for 6/3/2017. Release of Transcript Restriction set for 8/1/2017. (Marshall, M.) (Entered: 05/03/2017) |
| 05/04/2017 | 113 | ORDER. For the reasons discussed in the attached, the Motion to Withdraw Plea of Guilty (ECF No. 110) is **DENIED**, and the Motion to Withdraw as Counsel (ECF No. 105) is **GRANTED**. The Clerk's Office is directed to select new counsel from the CJA list and to unseal only pages 12 and 13 of the (ECF No. 111) transcript of the August 22, 2016 hearing. This order does not alter other currently sealed portions of that (ECF No. 111) transcript.<br><br>Signed by Judge Michael P. Shea on 5/4/2017. (Howard, H.) (Entered: 05/04/2017) |
| 05/05/2017 | 114 | MOTION to Amend/Correct *Clerical Error in Court's Ruling of May 4, 2017* by USA as to John Eastman. (Patel, Neeraj) (Entered: 05/05/2017) |
| 05/05/2017 | | Attorney update in case as to John Eastman. Attorney William M. Bloss for John Eastman added. (Wood, R.) (Entered: 05/05/2017) |
| 05/08/2017 | 115 | ORDER. The 114 motion to correct a clerical error in the Court's 113 ruling of May 4, 2017 is hereby **GRANTED**. The Court hereby **VACATES** its 113 ruling on the 105 motion to withdraw as counsel and the 110 motion to withdraw guilty plea. In a separate order, the Court will issue a corrected ruling on the 105 motion to withdraw as counsel and 110 motion to withdraw guilty plea.<br><br>Signed by Judge Michael P. Shea on 5/8/2017. (Howard, H.) (Entered: 05/08/2017) |

| 05/08/2017 | 116 | ORDER. Corrected ruling on the 105 motion to withdraw as counsel and the 110 motion to withdraw guilty plea.<br><br>Signed by Judge Michael P. Shea on 5/8/2017. (Howard, H.) (Entered: 05/08/2017) |
| --- | --- | --- |
| 05/08/2017 | 117 | First MOTION to Continue *Sentencing* by John Eastman. (Bloss, William) (Entered: 05/08/2017) |
| 05/10/2017 | 118 | ORDER. The 117 motion to continue sentencing is GRANTED. The Court hereby orders that following deadlines apply:<br><br>1. Sentencing is scheduled for **October 4, 2017 at 1:00 pm**.<br><br>2 The initial presentence report is due **August 23, 2017** .<br><br>3. Any objections to the initial presentence report are due **September 12, 2017** .<br><br>4. The final presentence report is due **September 22, 2017**.<br><br>5. Sentencing memoranda are due **September 11, 2017**.<br><br>6. Responses to Sentencing memoranda are due **September 16, 2017**.<br><br>7. Any replies to the responses are due **September 20, 2017**.<br><br>Signed by Judge Michael P. Shea on 5/10/2017. (Howard, H.) (Entered: 05/10/2017) |
| 05/15/2017 | 119 | ORDER. The Court hereby VACATES the 118 order and orders that following deadlines apply:<br><br>1. Sentencing shall be **October 4, 2017 at 1:00 pm**.<br><br>2 The initial presentence report is due **August 23, 2017**.<br><br>3. Any objections to the initial presentence report are due **September 6, 2017**.<br><br>4. The final presentence report is due **September 12, 2017**.<br><br>5. Sentencing memoranda are due **September 23, 2017**.<br><br>6. Responses to Sentencing memoranda are due **September 28, 2017**.<br><br>7. Any replies to the responses are due **October 2, 2017**.<br><br>Signed by Judge Michael P. Shea on 5/15/2017. (Howard, H.) (Entered: 05/15/2017) |
| 05/15/2017 | | RESET SENTENCING SCHEDULING DEADLINE as to John Eastman PSI due 8/23/17; Objection due 9/6/17; 2nd PSI due 9/12/17; Memo in aid of sentencing due 9/23/17; Government Response due 9/28/17 ; Reply due 10/2/17. Sentencing set for |

| | | |
|---|---|---|
| | | 10/4/2017 01:00 PM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 05/15/2017) |
| 07/31/2017 | 120 | Second MOTION to Continue *Sentencing* by John Eastman. (Bloss, William) (Entered: 07/31/2017) |
| 08/01/2017 | 121 | ORDER The 120 motion to continue sentencing is hereby **GRANTED**. The Court hereby orders that following deadlines apply: <br><br> 1. Sentencing is rescheduled for **November 8, 2017 at 3:30 pm** . <br><br> 2. The initial presentence report is due **September 30, 2017**. <br><br> 3. Any objections to the initial presentence report are due **October 13, 2017**. <br><br> 4. The final presentence report is due **October 20, 2017**. <br><br> 5. Sentencing memoranda are due **October 27, 2017**. <br><br> 6. Responses to Sentencing memoranda are due **November 3, 2017** . <br><br> Signed by Judge Michael P. Shea on 8/1/2017. (Howard, H.) Modified on 8/1/2017 to bold dates (Hernandez, T.). Modified on 8/1/2017 (Hernandez, T.). (Entered: 08/01/2017) |
| 08/01/2017 | | RESET SENTENCING SCHEDULING DEADLINE as to John Eastman PSI due 9/30/17; Objections due 10/13/17; 2nd PSI due 10/20/17; Memo in aid of sentencing due 10/27/17; Government Response due 11/3/17. Sentencing set for 11/8/2017 03:30 PM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 08/02/2017) |
| 09/28/2017 | 122 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED - government and defense counsel)* as to John Eastman. (available to USA, John Eastman) (Attachments: # 1 Indictment, # 2 Plea Agreement)(Montesi, J) (Entered: 09/28/2017) |
| 10/17/2017 | 123 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED - government and defense counsel)* as to John Eastman. (available to USA, John Eastman) (Attachments: # 1 Addendum, # 2 Government's Objections, # 3 Defendant's Objections, # 4 Financial Information)(Montesi, J) (Entered: 10/17/2017) |
| 10/17/2017 | 124 | Sealed Sentencing Recommendation: as to John Eastman (Montesi, J) (Entered: 10/17/2017) |
| 10/26/2017 | 125 | Third MOTION to Continue *sentencing* by John Eastman. (Bloss, William) (Entered: 10/26/2017) |
| 10/27/2017 | 126 | ORDER. The Court hereby VACATES the 119 order and orders that the following deadlines apply. Further extensions are unlikely. |

A-19

| | | |
|---|---|---|
| | | 1. Sentencing is scheduled for Tuesday, November 28, at 2:00 PM. |
| | | 2. Defendant's Sentencing memorandum is due November 14, 2017. |
| | | 3. Government's sentencing memorandum is due November 22, 2017. |
| | | Signed by Judge Michael P. Shea on 10/27/2017. (Self, A.) (Entered: 10/27/2017) |
| 10/27/2017 | | RESET SENTENCING SCHEDULING DEADLINE as to John Eastman Memo in aid of sentencing due 11/14/17; Government Response due 11/22/17; Sentencing set for 11/28/2017 02:00 PM in Courtroom Two, 450 Main St., Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 10/30/2017) |
| 11/14/2017 | 127 | SENTENCING MEMORANDUM by John Eastman (Bloss, William) (Entered: 11/14/2017) |
| 11/15/2017 | 128 | PRESENTENCE INVESTIGATION REPORT (Supplement) *(SEALED - government and defense counsel)* as to John Eastman. (available to USA, John Eastman) (Montesi, J) (Entered: 11/15/2017) |
| 11/22/2017 | 129 | SENTENCING MEMORANDUM by USA as to John Eastman (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Patel, Neeraj) (Entered: 11/22/2017) |
| 11/24/2017 | 130 | MOTION for William Bloss to Withdraw as Attorney *Following Sentencing* by John Eastman. (Bloss, William) (Entered: 11/24/2017) |
| 11/27/2017 | 131 | NOTICE. At sentencing tomorrow the parties should be prepared to address whether the enhancement under U.S.S.G. § 4B1.5 applies. In addition, the government shall file any judgment, information, or other *Shepard* approved documents concerning the defendant's conviction for illegal sexual contact under Conn. Gen. Stat. § 53-21 It shall file them on the docket as soon as possible and in any event before 3PM today. See ECF No. 123, PSR, at parag. 117. Signed by Judge Michael P. Shea on 11/27/2017. (Self, A.) (Entered: 11/27/2017) |
| 11/27/2017 | 132 | MOTION for Forfeiture of Property *(Defendant's Computer)* by USA as to John Eastman. (Attachments: # 1 Text of Proposed Order)(Patel, Neeraj) (Entered: 11/27/2017) |
| 11/27/2017 | 133 | RESPONSE/REPLY by USA as to John Eastman re 131 Order,, (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Patel, Neeraj) (Entered: 11/27/2017) |
| 11/27/2017 | 134 | Sealed Document: Sworn incident report and arrest warrant application (Johnson, D.) (Entered: 11/27/2017) |
| 11/27/2017 | 135 | NOTICE. The court is filing under seal a 134 sworn incident report and arrest warrant application detailing forensic analysis of Eastman's computer. The documents are filed under seal because they include the names of minors. Signed by Judge Michael P. Shea on 11/27/2017. (Self, A.) (Entered: 11/27/2017) |

| 11/27/2017 | 136 | ORDER. The 130 motion to withdraw appearance following tomorrow's sentencing is hereby GRANTED. Signed by Judge Michael P. Shea on 11/27/2017. (Self, A.) (Entered: 11/27/2017) |
|---|---|---|
| 11/27/2017 | 137 | ORDER. The 132 motion for forfeiture of property is hereby GRANTED. Signed by Judge Michael P. Shea on 11/27/2017. (Self, A.) (Entered: 11/27/2017) |
| 11/28/2017 | 140 | ORAL MOTION to Dismiss count 2 by USA as to John Eastman. (Johnson, D.) Modified on 11/29/2017 (Johnson, D.). (Entered: 11/29/2017) |
| 11/28/2017 | 141 | Minute Entry for proceedings held before Judge Michael P. Shea: granting 140 ORAL Motion to Dismiss as to John Eastman (1); Sentencing as to John Eastman held on 11/28/2017; Motion Hearing as to John Eastman held on 11/28/2017 re 140 MOTION to Dismiss filed by USA. Total Time: 1 hours and 50 minutes(Court Reporter Marshall.) (Johnson, D.) (Entered: 11/29/2017) |
| 11/29/2017 | 138 | PRESENTENCE INVESTIGATION REPORT (Revised) *(SEALED - government and defense counsel)* as to John Eastman. (available to USA, John Eastman) (Attachments: # 1 Evaluation)(Montesi, J) (Entered: 11/29/2017) |
| 11/29/2017 | 139 | NOTICE. Although the Court previously granted a motion for defense counsel to withdraw his appearance after sentencing, the Court requested and counsel agreed to file the notice of appeal on behalf of the defendant. His doing so is a service to the Court and should not be construed as an appearance in the case. It is the Court's expectation that separate counsel will be appointed for purposes of an appeal through the CJA panel. Signed by Judge Michael P. Shea on 11/29/2017. (Self, A.) (Entered: 11/29/2017) |
| 11/30/2017 | 142 | JUDGMENT as to John Eastman (1), Count 1, The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 204 months, with credit for time served; supervised release for a total term of LIFE; special assessment of $100.; Count 2, Dismissed on the motion of the Government Signed by Judge Michael P. Shea on 11/30/17. (Johnson, D.) (Entered: 11/30/2017) |
| 11/30/2017 | | DISMISSAL OF COUNTS as to John Eastman. (Johnson, D.) (Entered: 11/30/2017) |
| 11/30/2017 | | JUDICIAL PROCEEDINGS SURVEY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link: https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?crsurvey |

| | | |
|---|---|---|
| | | (Johnson, D.) (Entered: 11/30/2017) |
| 11/30/2017 | | Attorney update in case as to John Eastman. Attorney David A. Moraghan for John Eastman added. (Wood, R.) (Entered: 11/30/2017) |
| 12/01/2017 | 143 | NOTICE OF APPEAL as to 72 Order on Motion to Suppress and 142 Judgment by John Eastman. (Moraghan, David) Modified on 12/6/2017 (Pesta, J.). (Entered: 12/01/2017) |
| 12/01/2017 | 144 | ENTERED IN ERORR: NOTICE OF APPEAL by John Eastman (Moraghan, David) Modified on 12/4/2017 modified text to remove filing fee (Hernandez, T.). Modified on 12/6/2017 (Pesta, J.). (Entered: 12/01/2017) |
| 12/01/2017 | | Transmission of Notice of Appeal as to John Eastman to US Court of Appeals re 144 Notice of Appeal - Final Judgment (Hernandez, T.) (Entered: 12/04/2017) |
| 12/01/2017 | 145 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 143 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Robin D. Tabora, Clerk. Documents manually filed not included in this transmission: none (Hernandez, T.) Modified on 12/6/2017 (Pesta, J.). (Entered: 12/04/2017) |
| 12/06/2017 | 146 | ENTERED IN ERROR: NOTICE OF APPEAL by John Eastman re 142 Judgment, (Moraghan, David) Modified on 12/6/2017 (Pesta, J.). (Entered: 12/06/2017) |
| 12/06/2017 | | Docket Entry Correction : Documents 144 and 146 were e-filed in error. Made correction to original 143 Notice of Appeal (Pesta, J.) (Entered: 12/06/2017) |
| 12/28/2017 | 147 | MOTION Motion to Obtain Copies of Sealed Documents by John Eastman. (Moraghan, David) (Entered: 12/28/2017) |
| 01/02/2018 | 148 | ORDER. The 147 motion to obtain copies of sealed documents is hereby GRANTED. Signed by Judge Michael P. Shea on 1/2/2018. (Self, A.) (Entered: 01/02/2018) |
| 01/19/2018 | 149 | Statement of Reasons *(SEALED - government and defense counsel)* as to John Eastman. (available to USA, John Eastman) (Nagy, M.) (Entered: 01/19/2018) |
| 04/23/2018 | 150 | TRANSCRIPT of Proceedings: as to John Eastman Type of Hearing: Sentencing. Held on November 28, 2017 before Judge Michael P. Shea. Court Reporter: Martha Marshall. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at |

| | | www.ctd.uscourts.gov. Redaction Request due 5/14/2018. Redacted Transcript Deadline set for 5/24/2018. Release of Transcript Restriction set for 7/22/2018. (Marshall, M.) (Entered: 04/23/2018) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/17/2018 15:09:31 | | |
| **PACER Login:** | dmoraghan18 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:16-cr-00006-MPS |
| **Billable Pages:** | 15 | **Cost:** | 1.50 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Exempt CJA |

15-15 m- 01 (J G M)

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| JOHN EASTMAN | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

Case No.

3:15-mj-_____  (JGM)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___July 12, 2012 to Nov. 10, 2012___ in the county of ___New Haven___ in the

___District of ___Connecticut___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Persuading, inducing, coercing and enticing a minor to engage in unlawful sexual activity, and attempting to do the same. |
| 18 U.S.C. § 2252A(a)(5)(b) | Possession of child pornography |

This criminal complaint is based on these facts:

See Attached Affidavit of DHS/HSI Special Agent Allison M. Haimila

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Allison M. Haimila, Special Agent, DHS/HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __2/12/15__

/s/ Joan G. Margolis
*Judge's signature*

City and state: ___New Haven, Connecticut___

Hon. Joan G. Margolis, USMJ
*Printed name and title*

A-24

| | | |
|---|---|---|
| STATE OF CONNECTICUT | : | |
| | : | |
| | : | ss: New Haven, Connecticut |
| | : | |
| COUNTY OF NEW HAVEN | : | February 12, 2015 |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Allison M. Haimila, being duly sworn, depose and state as follows:

### BACKGROUND OF AFFIANT

1.      I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), assigned to the Resident Agent in Charge in the District of Connecticut. I have been so employed for approximately five years. I have received training in the area of child pornography (as defined in 18 U.S.C. § 2256) and child exploitation, and have, as part of my daily duties as an HSI agent, investigated violations relating to child exploitation and child pornography, including violations pertaining to possession, distribution, receipt and production of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, and enticement of minors, in violation of 18 U.S.C. § 2422. I have also participated in the execution of search and arrest warrants, which involved child exploitation and/or child pornography offenses. As a federal agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

2.      I make this affidavit in support of a Criminal Complaint and Arrest Warrant charging John Eastman ("EASTMAN"), an adult male born in 1967 who was residing in Waterbury, Connecticut at the time of the offense, for using and attempting to use a means or facility of interstate commerce to knowingly persuade, induce, coerce or entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and possession of child

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  EASTMAN is currently detained in state custody on related state charges pending in Connecticut Superior Court.

3.     Based on the facts set forth below, I believe there is probable cause to believe and I do believe that EASTMAN knowingly used and attempted to use a means or facility of interstate commerce to knowingly persuade, induce, coerce or entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and knowingly possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

4.     The statements contained in this affidavit are based in part on information provided by other members of local, state, and federal law enforcement, my own investigation to include personal observations, documents and other investigative materials which I have reviewed, as well my training and experience as a Special Agent with HSI.  Since this affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that EASTMAN  used and attempted to use an interstate facility to knowingly persuade, induce, coerce or entice a minor to engage, in sexual activity in violation of 18 U.S.C. § 2422(b), and knowingly possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

## STATUTORY AUTHORITY

5.     18 U.S.C. § 2422(b) prohibits a person from knowingly persuading, inducing, enticing, or coercing any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense through the use of any means or facility of interstate commerce, or from attempting to do the same.

2

6.    18 U.S.C. § 2251(a) prohibits a person from employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct  or transmitting a live visual depiction of such conduct if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

7.    18 U.S.C. § 2252A(a)(5)(B) prohibits a person from knowingly possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

## DEFINITIONS

8.    The following definitions apply to this Affidavit:

a.    "Minor," as used herein, is defined by 18 U.S.C. § 2256(1) to mean any person under the age of eighteen years.

b.    "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8) (any visual depiction including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means of sexually explicit conduct, where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been

3

created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), and also includes any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. 18 U.S.C. § 2256(8).

        c.    "Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.  18 U.S.C. § 2256(5).

        d.    "Sexually explicit conduct" means actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2)(A).

## BACKGROUND ON SKYPE

9.    In my training and experience, I have learned that Skype is an online service that allows users to communicate with or call each other over the Internet by video through the use of a webcam, by voice through the use of a microphone, and through instant messaging by text. Users may also use the service to make phone calls to or receive phone calls from other individual's landline phones and cell phones.  Skype users can also transfer files to each other. Skype users can search for other Skype users using a search function built into Skype.

10.    In order to use Skype, a user must download the Skype program onto his or her computer.  In addition, a user must register and create an account with Skype.  In order to create an account on Skype, a user must supply certain personal information including their name, date of birth, and an email address.  A user must also create a Skype account name or user name.

which can be any combination of letters or numbers as long as the account name is not already being used by another Skype user. An individual can create multiple accounts on Skype using the same computer.

11.     I am also aware that the Skype program has a function built into it called "Video Snapshot." This function allows the user to take still photos of the person they are communicating with during a video call. These photos depict a still image of whatever the other person is doing on the video call when the snapshot is taken. These photos are then saved to a folder on the user's computer hard drive to be viewed later.

### BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

12.     On or about September 13, 2012, Trooper Eric Jollymore of the Vermont State Police spoke with a woman from Fairlee, Vermont, who informed him that a Skype user had engaged in inappropriate conversations with the woman's 11-year old daughter a few days earlier. The woman indicated that her daughter had a sleep over with three other girls, ages 11 and 12, at their residence from September 8 to September 9, 2012. The mother stated that during the sleep over, the girls were using Skype to speak with people over the Internet.

13.     Trooper Jollymore then spoke with the woman's daughter. The girl stated that she and her friends had been speaking to an individual using the name "Harry.Styles888" during the time they were using Skype. She informed Trooper Jollymore that they were under the impression that they were in fact speaking with the individual Harry Styles that is a member of the popular musical group "One Direction." She stated that during the conversation "Harry.Styles888" requested that they activate their web cam so that he could see them. She stated that they told "Harry.Styles888" that they were 13 years old, and he informed them that he was 18 years old. She stated that once they agreed and activated their web cam,

"Harry.Styles888" asked them if they could pose in the sexual position called "Doggy Style" in front of the web cam for him.  The girl stated that they did not perform the act, and the conversation ended shortly after this. She also informed Trooper Jollymore that they were suspicious of the individual when he turned on his webcam.  She stated that it appeared that there was a still picture of Harry Styles from the popular musical group "One Direction" on the screen and not an actual person.

14.    On or about October 13, 2012, Trooper Jollymore obtained a court order for Skype to disclose the account registration information associated with the screen name "Harry.Styles888."  On or about October 24, 2012, Skype reported that the "Harry.Styles888" account was activated on July 27, 2012, at 0511 hours UTC (coordinated universal time) from a specific internet protocol ("IP") address, which Trooper Jollymore subsequently determined was assigned to Comcast Cable to a subscriber in Waterbury, Connecticut.

15.    Trooper Jollymore then referred the matter to the Waterbury Police Department for further investigation.

16.    On or about November 1, 2012, Detective Peter Morgan of the Waterbury Police Department obtained a court order from a Connecticut Superior Court judge requesting that Comcast Cable provide the subscriber information associated with the IP address provided by Skype.  On or about November 8, 2012, Comcast Cable reported that the IP address was assigned to the account of John Eastman with an address in Waterbury, Connecticut, at the time the "Harry.Styles888" user account was activated on July 27, 2012.

17.    On or about November 10, 2012, Detective Morgan and Detective David Terni went to EASTMAN's residence to speak to him.  EASTMAN was at his residence and allowed the detectives inside.  Detective Morgan advised EASTMAN of the investigation.  EASTMAN

6

stated that he wished to fully cooperate in the investigation.  EASTMAN stated that he had a desktop computer in his bedroom that he uses, and that he was willing to voluntarily give the computer to the detectives for further investigation. EASTMAN signed a Consent to Search Form allowing the detectives to take his HP Pavilion desktop computer and perform a complete computer forensic examination on it.

18.     EASTMAN then voluntarily agreed to go to the Waterbury Police Department to speak with the detectives about the case.  EASTMAN was advised of his Constitutional rights and agreed to waive his rights.  EASTMAN also signed an advisement of rights form waiving his rights.  EASTMAN then provided a signed statement in which he admitted, among other things, the following:

> I use the Internet to chat with girls on different web sites. I use the program Skype to chat with girls because you can use the web cam to video chat and see them while chatting. I am sexually attracted to very petite girls. I like girls that are like 14 years old and have started to develop. Because of this, I made a couple of screen names on Skype that were the names of members of the singing group One Direction. I used their names because I know the names would attract teenage girls to contact me. One of the screen names I used is "harry.styles888." I also have an email address "stylesharry446@gmail.com." I log on to Skype with the screen name and just wait for girls to contact me. When a girl contacts me, I start chatting with them. If they want to see me on the web cam, I will have a You Tube video of the singer from some old video footage ready to play and then point my web cam at the computer screen so the girl thinks that she is talking to the real singer. I will then try talking to the girl in a sexual manner to see if she will talk back. I will ask if the girl will pose in the sexual position doggy style with their ass facing the camera. I ask them to do this because I think it is the best pose to see a girl. My hope is that the girl will show me herself on camera and then pose in a sexual manner, or perform some kind of sex act for me to see. I know that I have chatted with some girls that were between like 12 and 15 years old, we chatted about sex and they posed in a sexual manner or performed a sex act so I could watch on the web cam.  Anytime that I can get the girls to perform any sex acts, I will masturbate until I ejaculate. . . . I also go to other porn sites called Motherless.com and Jailbait.

19.     EASTMAN was allowed to leave the police department pending the completion of the computer forensic examination of his desktop computer.

20.    Beginning on or about November 10, 2012, Detective Morgan conducted a computer forensic examination of EASTMAN's computer.  I have since spoken with Detective Morgan about his investigation and obtained copies of his investigation reports and files he recovered from his forensic examination of EASTMAN's computer, which revealed the following:

a.    The Skype program was installed on the computer on July 12, 2012. Eleven (11) Skype accounts had been used on this computer to communicate with other people. The names of the Skype accounts were:

> bieber.believe,
> harry.styles888,
> harry.styles962,
> jenny.finotti,
> john.eastman.15,
> justin.bieber727,
> justin.bieber6444,
> justin.swag6,
> louis.tomlinson85,
> niall.horan520, and
> sam.albert624.

I know that Justin Bieber is a singer who is popular with teenagers.  I also know that Harry Styles, Niall Horan, and Louis Tomlinson are members of the singing group "One Direction" that is popular with teenagers.  I have learned that Sam Albert is a popular teen figure on the website "YouTube."

b.    There was evidence on the computer that the Skype account "harry.styles888" had been used to communicate with the three minor girls from Vermont, who are described in paragraphs 12 and 13 above.

c.    Several videos were saved to the hard drive that depicted webcam videos of the individual singers and band members listed above.  There were two (2) videos depicting

8

Justin Bieber, eleven (11) videos depicting members of the music group One Direction, and four (4) videos depicting Sam Albert. These videos had been captured by a camera that had been connected to the computer and used to record the videos from the computer screen. I believe these are the videos that EASTMAN was referring to in his signed statement when he admitted "I will have a You Tube video of the singer from some old video footage ready to play and then point my web cam at the computer screen so the girl thinks that she is talking to the real singer."

        d.     There were over two hundred photos saved to computer that were taken using Skype's "Video Snapshot" function, which, as described above, allows the user to take still photos of the person they are communicating with during a Skype video call. Photos taken with the "Video Snapshot" function depict a still image of whatever the other person is doing on the video call when the snapshot is taken. The photos were saved to the directory "C:\Users\John\AppData\Roaming\Skype\Pictures\." I have reviewed these photos, and based on my training and experience, I believe that several of them depict child pornography. Some of the photos depict minor females appearing in various stages of undress and posing in a lascivious manner, with their exposed buttocks facing the camera allowing a clear view of their genitalia. I believe these poses are consistent with EASTMAN's signed statement in which he stated "I will ask if the girl will pose in the sexual position doggy style with their ass facing the camera. I ask them to do this because I think it is the best pose to see a girl." Below are descriptions of five of those files:

        i.     <u>Filename</u>: Video call snapshot443.png

            <u>Description</u>: This image depicts a minor female approximately 10-13 years old on her hands and knees facing away from the camera and looking back over her left shoulder, while her buttocks are pointed towards the camera. The minor female is wearing a purple shirt under a gray hooded sweatshirt and a pair of blue jeans. The blue jeans are pulled down below her buttocks, exposing her anus and genitalia which are the

focus of the image.

ii.  Filename: Video call snapshot419.png

Description: This image depicts two minor females approximately 10-13 years old on their hands and knees, next to each other, facing away from the camera while their buttocks are pointed towards the camera. The first minor female has long blonde hair and is wearing a dark colored shirt and multicolored striped panties. Her panties are pulled down below her buttocks, exposing her anus and genitalia to the camera. The second minor female has long brown hair and is wearing a gray hooded sweatshirt and jeans. Her jeans are pulled down over her buttocks, exposing her anus and genitalia to the camera and she is looking back over her left shoulder at the camera.

iii. Filename: Video call snapshot445.png

Description: This image depicts a minor female approximately 10-13 years old on her knees facing away from the camera while her buttocks are pointed towards the camera. She is wearing multicolored striped panties which are pulled down over her buttocks, exposing her anus and genitalia. The minor female has her head on the floor and is looking back at the camera.

iv.  Filename: Video call snapshot139.png

Description: This image depicts a minor female approximately 10-13 years old bent over on her hands and knees on the floor of what appears to be a closet. The minor female is wearing a pair of white pants which are pulled down below her buttocks, exposing her anus to the camera. The focus of this image is on the minor female's anus.

v.  Filename: Video call snapshot146.png

Description: This image depicts a minor female approximately 10-13 years old bent over on her hands and knees on the floor of what appears to be a closet. The minor female is facing away from the camera and is positioned with her buttocks up in the air pointed towards the camera. The minor female is wearing a pair of white pants that are pulled down past her buttocks, exposing her anus which is the focal point of this image.

e.      There was also a video, with the filename "Video 9.wmv," saved to the computer, that based on my training and experience, I believe depicts child pornography. The video is 26 minutes and 14 seconds in length and depicts a partially nude minor female approximately 13-16 years old with long dark hair wearing a black and white checkered button-down shirt and no pants. The minor is lying on a bed and appears to be using a computer and webcam and engaging in a video chat conversation via Skype with another unseen individual. At multiple times during the video, the minor female gets on her hands and knees and poses with her naked buttocks in the air facing the camera, and her legs spread apart exposing her anus and genitalia to the camera. At other times in the video, the minor female is lying on her back and spreads her knees apart exposing her genitalia to the camera. During the video, I can hear the typing of both participants, and the heavy breathing and rhythmic "slapping" of the unseen participant. The breathing becomes heavier whenever the minor female displays her genitals to the camera, and based on my training and experience, I believe the breathing and "slapping" are related to the unseen participant masturbating while watching the minor female. The minor female in this video appears to be deaf and/or mute as there is no verbal communication between the two participants during the video, even though it is clear that both parties can be heard, and at multiple times during the video the minor female can be seen gesturing using what appears to be sign language. The video appears to be a recording of a Skype video session that was captured with a camera that had been connected to EASTMAN's computer. The video was saved in the directory "C:\Users\John\Videos\Logitech Webcam\." Based on these facts, I believe the unseen participant is EASTMAN.

11

f.       Also saved on the computer were (4) four photos of game cards related to a sex game to be played online. Each card depicted a different level of the game with point values associated with various sex related acts. The cards indicated that a point value was needed to advance through the levels. Each card has six different acts to perform for each level. Some of the acts are as follows: Level 1 - stick out your tongue, blow the camera a kiss, suck on your finger; Level 2 -flash your ass, flash your boobs, flash your pussy; Level 3 -get naked, close up of your ass, close up of your pussy; Level 4 -finger your ass, masturbate for two minutes, orgasm.

g.       There were also hundreds of images depicting what appears to be child pornography in the "Unallocated Clusters" area of the computer hard drive, which indicates that the user had deleted these files.  I have reviewed these images, and based on my training and experience, I believe that many of them depict child pornography. The images depict nude, or partially nude, females and males appearing to be between the ages of 5 and 15 years old engaging in various sex acts with adult males and females, engaging in various sex acts with other children, posing in a manner that exposes their genitalia in clear view of the camera, and posing in a lascivious manner.[1] Many of these images appear to have been saved to the computer hard drive by navigating the Internet.  There was also Internet browsing history on the computer hard drive that showed the user had been accessing websites with names indicative of child pornography from 2009 to November 9, 2012, including, but not limited to, "www.young-pussy.org," "www.lilholes.com," "www.hairlesspussy.biz," "www.top100preteen.com", "www.cleanteenpussy.com," "www.preteenposing.com," "pinkteensex.net," and "teenporn2.com."

---

[1]  The images described in paragraphs 20(d)(i - v), the video described in paragraph 20(e), and a sampling of the images described paragraph 20(g) will be made available for the Court's review.

21.    I have reviewed EASTMAN's criminal history report and checked Connecticut state court records and learned that EASTMAN was previously convicted in Connecticut state court in 1998 for Risk of Injury to a Minor, in violation of Connecticut General Statutes section 53a-21(2), which is a felony for having contact with the intimate parts of a child under the age of sixteen in a sexual and indecent manner.   EASTMAN was placed on the Connecticut Sex Offender Registry in 1999 for ten years, and was removed from the registry in 2009.

22.    Based on Detective Morgan's investigation, EASTMAN was charged in Connecticut Superior Court with Employing a Minor in an Obscene Performance, Promoting a Minor in an Obscene Performance, and Use of a Computer to Entice a Minor to Engage in Sexual Activity, Misrepresentation of Age to Entice a Minor, Possession of Child Pornography, and Risk of Injury to a Minor.  The state charges are still pending.

### CONCLUSION

23.    Based on the aforementioned information and statements, I believe there is probable cause to believe, and I do believe, that in the time frame of approximately July 12, 2012 to November 10, 2012, EASTMAN used and attempted to use a means or facility of interstate commerce to knowingly persuade, induce, coerce or entice minors to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and possessed child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). More specifically, I have probable cause to believe that EASTMAN committed these offenses by communicating with minors over the Internet via Skype during which he impersonated famous singers and musicians that are popular to teenagers, and during these online conversations, EASTMAN (posing as the singers and musicians) asked the minors to engage in sexually explicit conduct by posing in a lascivious manner towards the camera, with their buttocks facing the camera allowing a clear view of their genitalia and/or posing with their

13

legs spread allowing a clear view of their genitalia. I have probable cause to believe that EASTMAN then used the Video Snapshot function of the Skype program to capture still photos of some of these minors engaging in such activity and used a camera to record a video of another minor engaged in such activity, which he then saved on his computer.

24. Therefore, I respectfully request that a criminal complaint be issued to support the arrest of and to charge John EASTMAN for using and attempting to use a means or facility of interstate commence to knowingly persuade, induce, coerce or entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Special Agent Allison M. Haimila
Department of Homeland Security
Homeland Security Investigations

Subscribed and sworn to before me this 12th day of February, 2015

*/s/ Joan G. Margolis*

HON. JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE

14

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-15-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:16CR6 MPS |
| v. | VIOLATIONS: |
| JOHN EASTMAN | 18 U.S.C. Section 2422(b) (Coercion and Enticement) |
| | 18 U.S.C. Section 2252A(a)(5)(B) (Possession of Child Pornography) |
| | 18 U.S.C. Section 2253 (Forfeiture) |

INDICTMENT

The Grand Jury charges:

GENERAL ALLEGATIONS

1.      At all times relevant to this Indictment, the defendant JOHN EASTMAN ("EASTMAN") was a resident of Connecticut.

2.      Between approximately June 2012 and November 10, 2012, the exact dates being unknown to the Grand Jury, EASTMAN engaged in video chats with minors over the Internet using his computer and online video chatting services such as Skype and others.  During these video chats, EASTMAN enticed the minors to engage in sexually explicit conduct, which EASTMAN recorded and/or photographed and then saved on his computer.  In order to deceive and entice the minors, EASTMAN posed as famous singers and musicians that are popular to teenagers, including, but not limited to Justin Bieber and members of the band One Direction.

3.      In addition to enticing minors to engage in sexually explicit conduct, which he recorded and maintained on his computer, EASTMAN viewed and downloaded over the Internet other images and videos of child pornography on his computers.

## COUNT ONE
(Coercion and Enticement)

4.      The allegations set forth in paragraphs 1 to 3 are repeated and re-alleged as if set forth fully herein.

5.      Between approximately June 2012 and November 10, 2012, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, EASTMAN did use a facility and means of interstate commerce, namely, his computer and Internet-based video chatting services, to knowingly persuade, induce, entice and coerce individuals who had not attained the age of 18 years to engage in sexual activity for which he could be charged with a criminal offense, namely, Title 18, United States Code, Section 2251(a) (sexual exploitation of children), and attempted to do so.

All in violation of Title 18, United States Code, Section 2422(b).

## COUNT TWO
(Possession of Child Pornography)

6.      The allegations set forth in paragraphs 1 to 3 are repeated and re-alleged as if set forth fully herein.

7.      On or about November 10, 2012, in the District of Connecticut, EASTMAN did knowingly possess material which contained videos and images of child pornography, as that term is defined in Title 18, United States Code, Section 2256(8), including, but not limited to Video call snapshot 232.png, Video call snapshot 138.png, Video call snapshot 443.png, Video call snapshot 439.png, and Video 8.wmv, each containing visual depictions of minors engaging

in sexually explicit conduct, and which had been mailed, shipped, or transported in interstate and foreign commerce by any means, including by computer, and were produced with materials that had been mailed, shipped or transported in interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

<u>FORFEITURE ALLEGATION</u>

8.       Upon conviction of one or more of the offenses alleged in this Indictment, EASTMAN shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2428(a) and 2253(a), all right, title, and interest in any property used or intended to be used to commit or promote the commission of the said offenses, all property constituting or traceable to gross profits or other proceeds obtained from such offense, and all visual depictions described in Title 18, United States Code, Sections 2251-2252, and any book, magazine, periodical, film, videotape, or other matter containing any such visual depiction, which was produced, transported, mailed, shipped, or received in committing such offenses, including, but not limited to, the following:

      a.   an HP Pavilion desktop computer, bearing serial number 3CR22116SQ, containing a 500 gigabyte Hitachi computer hard drive, bearing serial number JP1572FL0375ZK,

9.       If any of the above-described forfeitable property, as a result of any act or omission of EASTMAN, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

3

All in accordance with Title 18, United States Code, Sections 2428 and 2253, Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :
                                :
            vs.                 :       CRIMINAL NO. 3:16CR006(MPS)
                                :
JOHN EASTMAN                    :       January 22, 2016

### MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

The Defendant, Mr. John Eastman, is charged with Possession of Child Pornography and Coercion/Enticement, in violation of 18 U.S.C. §§ 2242(b) and 2252(A)(5)(B).  He hereby moves pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C) to suppress all physical evidence seized from 157 Congress Avenue, Waterbury, Connecticut on November 10, 2012, as well as certain statements he allegedly made that day to law enforcement officers.  The evidence seizure violated Mr. Eastman's Fourth Amendment rights under the United States Constitution because (1) officers lacked a warrant to enter the apartment; (2) Mr. Eastman did not consent to a search of the apartment at any time; (3) Mr. Eastman did not consent to a search of the computer at any time; and (4) even if Mr. Eastman had consented, which he did not, his consent was over-ridden by Mrs. Eastman's refusal to consent.  Moreover, certain statements that Mr. Eastman purportedly made to law enforcement officers constituted custodial interrogation for which Mr. Eastman was never Mirandized and therefore must be suppressed pursuant to the Fifth Amendment.  This motion is based upon the memorandum of law attached, affidavits and expert report attached, evidence to be adduced at an evidentiary hearing, post-hearing proposed findings of fact and conclusions of law, and oral argument.

1

A-43

AN EVIDENTIARY HEARING IS REQUESTED.

Respectfully submitted,

THE DEFENDANT,
John Eastman

OFFICE OF THE FEDERAL DEFENDER

Dated: January 22, 2016            /s/ Kelly M. Barrett
                                   Kelly M. Barrett
                                   Assistant Federal Defender
                                   265 Church Street, Suite 702
                                   New Haven, CT 06510
                                   Bar No. ct27410
                                   Phone: 203-498-4200
                                   Fax: 203-498-4207
                                   Email: Kelly_barrett@fd.org

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:16CR006(MPS) |
| vs. | : | |
| JOHN EASTMAN | : | January 22, 2016 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS

In the early evening hours of Saturday, November 10, 2012, Waterbury police detectives Peter Morgan and David Terni (the "Waterbury detectives") entered the home of John and Linda Eastman and conducted a search of the home as well as a search and a seizure of an HP Pavilion desktop computer. The Waterbury detectives then detained Mr. Eastman, transported him to the Waterbury police station, and subjected him to custodial interrogation. The Waterbury detectives did all of this without a warrant of any kind. According to the Waterbury detectives, their searches, seizures, and interrogation were justified because Mr. Eastman signed a "Consent to Search" form, an "Advisement of Rights" form, and a "Voluntary Statement Rights" form. According to John Reznikoff, an expert on handwriting analysis, "to a strong degree of professional certainty," Mr. Eastman did not sign any of those documents. See Exhibit A (Expert Report).[1] Likewise, both Mr. and Mrs. Eastman deny giving consent. See Exhibits B (John Eastman Affidavit) and C (Linda Eastman Affidavit). Because the Waterbury detectives failed to obtain a warrant and no exception to the warrant requirement applies, the government cannot meet its burden to demonstrate that the Waterbury detectives complied with the Fourth and Fifth Amendments, and therefore, the Court should suppress the computer and its contents, along with the results of the forensic examination conducted on the computer, in addition to all statements purportedly made by Mr. Eastman.

---

[1] Note that all of the questioned consent forms are attached to Exhibit A.

**I. There are two different versions of the relevant factual background.**

In many cases arising from home searches, the facts of what happened are not in dispute except for a key detail or two.  In the usual case, the facts are largely agreed upon but the import of those facts is disputed by the parties.  This is not a usual case.  In this case, there are two profoundly different versions of what happened.

A.  The Waterbury detectives' story does not make sense.

The Waterbury detectives' version of events, taken entirely from the report of Detective Morgan, is simple.  See Exhibit D (Morgan report).  On October 25, 2012, the Waterbury Police Department received a complaint from the Vermont State Police regarding some allegedly suspect Skype activity.  On November 1, 2012, Detective Morgan applied for and was granted an ex parte order requesting the Comcast cable account information for the individual using the IP address associated with the suspect Skype activity.  On Thursday, November 8, 2012, Detective Morgan received a response from Comcast, indicating that the IP address was associated with John Eastman of 157 Congress Avenue, Waterbury, Connecticut.  See Exhibit D at Disc-0029.  One would expect that the next logical step would have been for Detective Morgan to apply for a search warrant, based upon the combination of information received from Comcast and the Vermont State Police.  It is at this point, however, that the Waterbury detectives' story begins to diverge from what one would expect.  The Waterbury detectives apparently did not apply for a warrant.

Instead, Detectives Morgan and Terni visited the Eastman home without a warrant.  The Waterbury detectives had no sooner entered the home when, according to the Waterbury detectives' version of events, Mr. Eastman stated that he wished to "fully cooperate" in the investigation and told the Waterbury detectives that he was willing to voluntarily give the computer to the detectives for further investigation.  Detective Morgan's report states that "Once inside, I advised Mr. Eastman of the ongoing investigation.  Mr. Eastman stated that he wished to fully cooperate in the investigation.  Mr. Eastman stated that he had a desktop computer in his bedroom that he uses, and that he was willing to voluntarily give the computer to the detectives for further investigation.  On November 10, 2012, Mr. Eastman signed a Consent to Search form allowing detectives to take his HP Pavilion

2

model p2 desktop computer S/N 3CR22116SQ and perform a complete computer forensic examination on it." <u>See</u> Exhibit D at Disc-0029-30. According to Detective Morgan, Mr. Eastman then voluntarily agreed to go to the police station with the detectives. Detective Morgan asserts that Mr. Eastman was advised of his <u>Miranda</u> rights and then waived them. According to Detective Morgan, Mr. Eastman then gave a fairly lengthy and detailed incriminating statement that, if true, amounted to a confession for production of child pornography.

Curiously, however, notwithstanding this supposed tell-all confession, the Waterbury detectives allowed Mr. Eastman to leave the police station. <u>See</u> Exhibit D at Disc-0030. In fact, according to his report, Detective Morgan did not apply for an arrest warrant until May 2013, approximately six months later. <u>See</u> Exhibit D at Disc-0035. Meanwhile, Mr. Eastman had gone to Virginia to help out his cousin who was very sick and died in March, 2013. In May 2013, Mr. Eastman was arrested in Virginia, extradited to Connecticut and was detained in state custody.

Even more curiously, it was not until February 2015, more than two years after the computer was seized, that Mr. Eastman was presented in federal court before the Hon. Joan G. Margolis. Criminal Complaint at Disc-01. He has been detained in state custody the entire time.

B. <u>The version of events supported by expert John Reznikoff's opinion and Mr. and Mrs. Eastman's affidavits makes more sense.</u>

The Waterbury detectives' story is materially incorrect in several significant ways. Most importantly, Mr. Eastman never consented to the search of the Eastman home or the seizure and subsequent search of his computer, either in writing or verbally. Nor did he write, sign, or even read the alleged statement and corresponding Voluntary Statement Rights form that the police have provided. <u>See</u> Exhibit B at ¶ 19.

On the evening of November 10, 2012, at approximately 6:00 p.m., Mr. Eastman was in his home, which he shares with his mother, Linda Eastman. Two men knocked on the door and said they wanted to ask Mr. Eastman some questions. Although they verbally identified themselves as police officers, they did not display identification nor give their names. When Mr. Eastman opened the door,

3

the two men stepped inside, forcing Mr. Eastman to stumble backwards. Mr. Eastman did not invite

them in, nor did they ask if they could enter. The man who Mr. Eastman later learned was Detective

Morgan began asking him about his Skype habits. Detective Morgan asked Mr. Eastman to go with

him to the police station. Initially, Mr. Eastman voluntarily agreed. The officers then handcuffed Mr.

Eastman, and Detective Terni pushed Mr. Eastman's shoulder down and told him to sit on the couch

and not to move. Meanwhile, Detective Morgan began to search the apartment. Detective Morgan

looked inside packed boxes and desk drawers in the living room, entered the kitchen without

permission and began looking through counter drawers and into the pantry area, and entered Mrs.

Eastman's bedroom, where she had been asleep, without asking permission, waking and surprising

Mrs. Eastman.

Mr. Eastman protested the Waterbury detectives' search of the home. Mrs. Linda Eastman,

Mr. Eastman's mother, who had been asleep in her own bedroom, came out and demanded that the

officers show some authority for the search they were conducting. See Exhibit C at ¶ 2. Mrs. Eastman

also protested the search. The officers ignored both Mr. and Mrs. Eastman. At one point, Mr.

Eastman stated that he needed to use the bathroom, and rose to go do so, but was told to stop by

Detective Terni, who then took the handcuffs off and allowed him to use the bathroom, but insisted

that he keep the door open. He also told Mr. Eastman to not touch anything in the cabinets and to

keep his hands free. Mr. Eastman asked for some privacy, and Detective Terni turned his head away,

but left the bathroom door open. When Mr. Eastman emerged from the bathroom, he saw Detective

Morgan in his bedroom, looking inside dresser drawers. Mr. Eastman again protested that he had no

right to conduct any such search. Detective Morgan again ignored Mr. Eastman, and disconnected

the computer tower in his bedroom from its screen and picked it up. He shook it and inquired whether

there was a hard drive. Mr. Eastman replied that he was not supposed to be touching it. Mr. Eastman

4

was then put in handcuffs again and driven to the Waterbury police station by Detectives Morgan and Terni.

After they arrived at the police station, Detective Morgan asked Mr. Eastman his age, which he told him. Detective Morgan then explained that he was investigating a complaint from some young women in Vermont about an interaction they had had on Skype. He read Mr. Eastman a statement from a Vermont State trooper about the incident and asked Mr. Eastman if he knew anything about the incident. Mr. Eastman denied it, and demanded the return of the computer. Detective Morgan jumped up from his chair and put his face very close to Mr. Eastman's face. He said that if Mr. Eastman did not cooperate with him he would lock him up and make his bond $250,000, adding that it was a holiday weekend (Veterans Day). Mr. Eastman asked what the charges were and requested a lawyer. Detective Morgan then began to type up a statement. Detective Morgan printed the statement, which to the best of Mr. Eastman's knowledge is the one provided by the government. Mr. Eastman read it but refused to sign it, nor did he acknowledge any of the facts in it as true. It is, in fact, not Mr. Eastman's statement.

Detective Morgan told Officer Terni to drive Mr. Eastman home. Mr. Eastman asked for the return of the computer and inquired whether anything else had been taken from the home. Detective Morgan ignored Mr. Eastman, and Mr. Eastman left with Officer Terni. In the car with Officer Terni, Mr. Eastman again requested the return of the computer and was told he would get it soon or within three days. Even Detective Morgan's own report suggests that Mr. Eastman had not previously been free to leave. Detective Morgan's report describes the end of the interview with Eastman this way: "Mr. Eastman was allowed to leave the police department without any further incident pending the completion of the computer forensic examination of his desktop computer." See Exhibit D at Disc-0030. The suggestion that he was "allowed" to leave suggests that he had not previously been allowed

5

to do so.  When Officer Terni dropped Mr. Eastman off at his home he gave back several cell phones he had taken from Mr. Eastman's house.

Mr. Eastman neither signed, nor initialed, nor verbally agreed to the following documents -- "Consent to Search form," (Disc-0038); Voluntary Statement Rights form (Disc-0039); "Advisement of Rights" (Disc-0040); and "Voluntary Statement" (Disc-0036-37).

## II.        The Government Bears the Burden of Proof.

"On a motion to suppress, the defendant bears the initial burden of establishing that a government official acting without a warrant subjected him to a search or seizure. . . . Once the defendant has met this burden, the burden then shifts to the government to demonstrate by a preponderance of the evidence . . . that the search or seizure did not violate the Fourth Amendment." United States v. Herron, 18 F. Supp.3d 214, 221 (E.D.N.Y. 2014) (citations omitted).  There is no dispute that the police seized a computer from Mr. Eastman's home and subjected it to a search.  Nor is there any dispute that no warrant was issued for the seizure or the search.  The government therefore has the burden of proving that its actions were legal.  United States v. Vasquez, 638 F.2d 507, 524 (2d Cir. 1980) (citing cases).

## III.       The Waterbury detectives conducted an illegal search of the Eastman home.

A.   The search of the Eastman home is presumptively unreasonable, because it was conducted without a warrant.

The Fourth Amendment to the United States Constitution provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const., amend. IV.  The Supreme Court has "time and again underscored the essential purpose of the Fourth Amendment to shield the citizen from unwarranted intrusions into his privacy."  Jones v. United States, 357 U.S. 493, 498 (1958).  "[I]t is a cardinal principle that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable . . . subject only to a few specifically established and

well-delineated exceptions." Mincey v. Arizona, 437 U.S. 385, 390 (1978) (internal citations and

quotation marks omitted); see also Coolidge v. New Hampshire, 403 U.S. 443, 474 (1971) ("a search

or seizure carried out on a suspect's premises without a warrant is per se unreasonable, unless the

police can show that it falls within one of a carefully defined set of exceptions").

 "[W]hen it comes to the Fourth Amendment, the home is first among equals." Florida v.

Jardines, 133 S. Ct. 1409, 1414 (2013); see also United States v. United States District Court, 407

U.S. 297, 313 (1972) ("The physical entry of the home is the chief evil against which the wording of

the Fourth Amendment is directed.").  That is because the home serves as "the center of the private

lives of our people." Minnesota v. Carter, 525 U.S. 83, 99 (1998) (Kennedy, J., concurring).  "We

have, after all, lived our whole national history with an understanding of 'the ancient adage that a

man's house is his castle [to the point that t]he poorest man may in his cottage bid defiance to all the

forces of the Crown.'" Georgia v. Randolph, 547 U.S. 103, 115 (2006) (quoting Miller v. United

States, 357 U.S. 301, 307 (1958) (internal quotation marks omitted)).  It is therefore "a 'basic principle

of Fourth Amendment law' that searches and seizures inside a home without a warrant are

presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980) (quoting Coolidge,

403 U.S. at 477).

 There is no dispute that the Waterbury detectives did not have a search warrant to search the

Eastman home.

B.  <u>No exception to the warrant requirement applies.</u>

"The exceptions to the rule that a search must rest upon a search warrant have been jealously and carefully drawn[.]"  <u>Jones v. United States</u>, 357 U.S. 493, 499 (1958).  "A warrantless search" like the one in this case "is per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions."  <u>United States v. Perea</u>, 986 F.2d 633, 639 (2d Cir. 1993).  "The government has the burden of proving, by a preponderance of the evidence, that a consent to search was voluntary."  <u>United States v. Isiofia</u>, 370 F.3d 226, 230 (2d Cir. 2004).

In seeking to admit evidence obtained during a warrantless search on the basis of consent, the Government must demonstrate by a preponderance that such consent was (1) provided (2) voluntary (3) by someone with actual or apparent authority over the premises.  The Government must further demonstrate (4) that the consent remained effective (i.e., was not retracted) at the time the evidence was seized, and (5) was not countermanded by a co-inhabitant's express refusal to consent.  In holding the Government to its burden, it should be remembered that the right to be free from warrantless searches is "fundamental" and "cannot be eroded simply because the government seeks to take the path of least resistance by obtaining consent from an individual whose interest in the premises searched is obviously vague and attenuated."  <u>United States v. Gonzalez Athehorta</u>, 729 F. Supp. 248, 258 (E.D.N.Y. 1990).

**1.  There is no record evidence that the Eastmans consented to the search of the home.**

There is no evidence at all to suggest that the Eastmans consented to the search of the <u>*home*</u>.  There is a consent to search form in evidence, however, the consent to search form references only an "<u>HP desktop computer</u>," *not* the Eastman home.  Accordingly, the Waterbury detectives had no

authority to enter the Eastman home and search it, and everything that follows is fruit of the poisonous tree.

>   **2.  The government cannot prove by a preponderance of the evidence that Mr. Eastman signed the Consent to Search form.**

The Waterbury detectives assert that Mr. Eastman signed a Consent to Search form. Handwriting expert, John Reznikoff, has analyzed the signature and initials on the Consent to Search form and has compared them to known samples of Mr. Eastman's signatures.  He has concluded to a "strong degree of professional certainty" that the signature/initials on the Consent to Search form is not that of John Eastman.  See Exhibit A.  Mr. Reznikoff's expert opinion, alone, is sufficient to prevent the government from meeting its burden of proof.  There is, however, additional record evidence bolstering Mr. Reznikoff's opinion.  According to Mr. Eastman's affidavit, he never signed the Consent to Search form.  See Exhibit B at ¶¶ 9, 11 and 15.  Moreover, according to Mrs. Eastman's affidavit, she neither saw nor heard any evidence that Mr. Eastman consented to the search.  See Exhibit C at ¶¶ 8 and 9.

The circumstances surrounding Mr. Eastman and the interaction with the Waterbury detectives also suggests that he did not consent to the search and seizure of the home and computer.

First, it does not make sense that Mr. Eastman would consent to a search.  Mr. Eastman has a history of past interactions with law enforcement and is an inherently distrustful man.  It would, in fact, be very surprising if Mr. Eastman had consented to the search.

Second, it does not make sense that the Waterbury detectives failed to obtain a warrant prior to visiting the Eastman home.  They had the time and ability to do so, yet failed to do so.  Their failing is suggestive of – at a minimum – poor judgment and failure to adhere to best practices.  The Court should approach the Waterbury detectives' version of events with scrutiny.

Third, the Waterbury detectives excluded Mrs. Eastman from the report altogether.  Certainly the presence of a co-habitant and her reaction to the Waterbury detectives is relevant to the question of consent and should have been addressed.

Fourth, the handling of the seized cell phones and the failure to provide a property receipt also suggests lack of consent.  When Mr. Eastman was finally told he could go, he was handed several cell phones that the police had taken from his home without his consent or knowledge and was told that the police would be in touch.  It should be noted that the police had neither asked for his permission to seize the cell phones, told him they were doing so, nor offered any kind of receipt or invoice for the seized items, including the computer.  That fact alone casts doubt on Detective Morgan's version of events – if he was so scrupulous about getting consent for seizures, why did he fail to do so for the cell phones?

It is likewise suspicious that the Eastmans were not given a property receipt for the seized property.

Fifth, the time and location written on the Consent to Search form are suspicious.  The time listed is 7:40 p.m., which is approximately one hour and 40 minutes after the Waterbury detectives entered the Eastman home.  This suggests that the consent form was not drafted contemporaneously to the search but rather was drafted later, after the fact.  The time is even more suspicious when compared to the Voluntary Statement Rights form, which has a time entry of 1932 hours (or 7:32) which is actually earlier than the time on the Consent to Search form.  Yet, the Voluntary Statement Rights form supposedly was signed at the police station after the search.  In addition, the location listed on the Consent to Search form is 255 East Main Street, Waterbury, Connecticut, which is not the Eastman residence.  It is the Waterbury police station.  This again suggests an after-the-fact attempt to justify earlier actions.

Finally, as discussed above, nowhere does the form even purport to give consent to search the *home*, which would have been a pre-requisite to searching the computer.

### 3. The government cannot prove by a preponderance of the evidence that Mr. or Mrs. Eastman gave any other form of consent, verbal or otherwise.

Neither Mr. Eastman nor his mother verbally consented to the search and seizure of the computer.  In fact, their affidavits make clear that they protested the illegal search.  See Exhibits B and C.

10

Moreover, even if Mr. Eastman had consented to the search, which he did not, Mrs. Eastman's refusal to give consent would have negated any prior consent given by Mr. Eastman. An individual who possesses actual or apparent authority may withdraw his or her consent at any time prior to or during the search. See Walter v. United States, 447 U.S. 649, 656 (1980) ("When an official search is properly authorized – whether by consent or by the issuance of a valid warrant – the scope of the search is limited by the terms of its authorization."); United States v. Moran Vargas, 376 F.3d 112, 116 (2d Cir. 2004) (noting that an individual has a "constitutional right to revoke or limit the scope of a search to which he has consented").

Likewise, any co-inhabitant's refusal to submit to a premises search negates whatever consent has been given by an authorizing party. See Georgia v. Randolph, 547 U.S. at 103, 120 (2006) ("[A] warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident.").

Here, according to her affidavit, Mrs. Eastman – as soon as she awoke and was aware of what was happening – refused consent, thereby negating any consent previously given. See Exhibit C at ¶ 2.

### 4. Even if the Court accepts the Consent form as legitimate, it was not executed at the time of the search and therefore is not valid.

Even if the Court were to find that the Consent to Search form (which applies only to the computer, not to the home) is valid, it still would not justify the search of the Eastman home or the seizure of the computer. The form states on its face that it was prepared at the Waterbury police station, not at the Eastman home and was prepared after the search had been completed. Thus, there is no evidence of consent given contemporaneously with the search of the home and seizure of the computer. The government cannot meet its burden of showing that consent was given at the relevant time.

11

    **5.  No other exception to the warrant requirement applies.**

No other exception to the warrant requirement even arguably applies.

    **6.   The physical evidence must be suppressed as fruit of an unreasonable search.**

"[T]he exclusionary sanction applies to any 'fruits' of a constitutional violation—whether such evidence be tangible, physical material actually seized in an illegal search, items observed or words overheard in the course of the unlawful activity, or confessions or statements of the accused obtained during an illegal arrest and detention.'" United States v. Crews, 445 U.S. 463, 470 (1980) (internal citations omitted).  Here, the Court should suppress the HP Pavillion computer, all of its contents, and the forensic analysis thereof.

**IV.   The verbal statements sought to be attributed to Mr. Eastman must be suppressed.**

The written, typed statement that the Waterbury detectives attribute to Mr. Eastman was actually written and typed by the Waterbury detectives.  Mr. Eastman did not write the statement, did not agree to the statement, and did not sign the statement.  As such, it cannot be said to be his statement at all.  Moreover, to the extent that the Waterbury detectives were trying to illicit a statement from Mr. Eastman, their attempts to do so violated the Fifth Amendment.

    A.   Mr. Eastman did not sign the "Voluntary Statement Rights" form, the "Advisement of Rights" form, or the "Voluntary Statement" form.

The Waterbury detectives assert that Mr. Eastman signed a "Voluntary Statement Rights" form, an "Advisement of Rights" form, and a "Voluntary Statement" form.  Handwriting expert, John Reznikoff, has analyzed the signature and initials on the three forms associated with Mr. Eastman's purported confession and has compared them to known samples of Mr. Eastman's signatures.  He has concluded to a "strong degree of professional certainty" that the signature/initials on the three relevant forms are not that of John Eastman.  See Exhibit A.  Moreover, Mr. Eastman denies signing the relevant forms and denies having made any incriminating statements to the Waterbury detectives.

B.   <u>Even if Mr. Eastman had made a statement, such statement would need to be
suppressed, because it was the product of custodial interrogation, and the government
cannot meet its burden of proof to show that Mr. Eastman was advised of his Miranda
rights.</u>

When the government seeks to admit statements made by a suspect, the government must

show by a preponderance of the evidence that the statement was voluntary and not "coerced, by

explicit or implicit means, by implied threat or covert force." <u>Schneckloth v. Bustamonte</u>, 412 U.S.

218, 228 (1973). Whether a statement is voluntary is determined on the basis of the totality of the

circumstances. "No single criterion controls whether an accused's confession is voluntary: whether

a confession was obtained by coercion is determined only after careful evaluation of the totality of

the surrounding circumstances." <u>Green v. Scully</u>, 850 F.2d 894, 901 (2d Cir. 1988). <u>See also</u>

<u>Dickerson v. United States</u>, 530 U.S. 428, 433, 120 S. Ct. 2326, 147 L.Ed.2d 405 (2000) ("a

confession be voluntary to be admitted into evidence"). "A confession is not voluntary when obtained

under circumstances that overbear the defendant's will at the time it is given." <u>United States v. Taylor</u>,

745 F.3d 15, 23 (2d Cir.2014).

The Supreme Court has long held that:

> when an individual is taken into custody or otherwise deprived of his freedom
> by the authorities in any significant way and is subjected to questioning, the
> privilege against self-incrimination is jeopardized. Procedural safeguards
> must be employed to protect the privilege and unless other fully effective
> means are adopted to notify the person of his right of silence and to assure
> that the exercise of the right will be scrupulously honored, the following
> measures are required. He must be warned prior to any questioning that he
> has the right to remain silent, that anything he says can be used against him
> in a court of law, that he has the right to the presence of an attorney, and that
> if he cannot afford an attorney one will be appointed for him prior to any
> questioning if he so desires. Opportunity to exercise these rights must be
> afforded to him throughout the interrogation. After such warnings have been
> given, and such opportunity afforded him, the individual may knowingly and
> intelligently waive these rights and agree to answer questions or make a
> statement. But unless and until such warnings and waiver are demonstrated
> by the prosecution at trial, no evidence obtained as a result of interrogation
> can be used against him." <u>Miranda v. Arizona</u>, 384 U.S. 436, 478-79, 86 S.
> Ct. 1602, 1630, 16 L. Ed. 2d 694 (1966). To introduce an incriminating

13

> statement made in response to custodial interrogation in its case-in-chief, the
> government bears the burden of proving by a preponderance of the evidence
> that the accused waived his <u>Miranda</u> rights voluntarily, knowingly, and
> intelligently. <u>Colorado v. Connelly</u>, 479 U.S. 157, 168 (1986).

<u>Howes v. Fields</u>, 132 S. Ct. 1181, 1189-90, 182 L. Ed. 2d 17 (2012) (internal quotation marks and

citations omitted). The term "custody" is a "term of art that specifies circumstances that are thought

generally to present a serious danger of coercion. In determining whether a person is in custody in

this sense, the initial step is to ascertain whether, in light of the objective circumstances of the

interrogation, a "reasonable person [would] have felt he or she was not at liberty to terminate the

interrogation and leave." <u>Id.</u> In order to determine the freedom of one's movement, "courts must

examine all of the circumstances surrounding the interrogation. Relevant factors include the location

of the questioning, its duration, statements made during the interview, the presence or absence of

physical restraints during the questioning, and the release of the interviewee at the end of the

questioning." <u>Id.</u>

"In applying the totality of the circumstances test, those factors that a court should consider

to determine whether an accused's confession is voluntary centered around three sets of

circumstances: (1) the characteristics of the accused, (2) the conditions of interrogation, and (3) the

conduct of law enforcement officials." <u>Green</u>, 850 F.2d at 901-02. A threat to arrest a suspect is not

per se coercion, <u>see</u>, e.g., <u>United States v. Tutino</u>, 883 F.2d 1125, 1138 (2d Cir.1989) (citing <u>United

States v. Pomares</u>, 499 F.2d 1220, 1222 (2d Cir.)), but must be considered on a case specific basis.

Specifically, a threat that is "false or baseless" can be impermissibly coercive. <u>United States v.

Graham</u>, 480 F. App'x 453, 456 (9th Cir. 2012) (unpublished summary order). The test of

voluntariness of a confession is whether all the relevant circumstances show that the conduct of law

enforcement officials "was such as to overbear [the defendant's] will to resist and bring about

confessions not freely self-determined." <u>United States v. Ferrara</u>, 377 F.2d 16, 17 (2d Cir.), (quoting

<u>Rogers v. Richmond</u>, 365 U.S. 534, 544, 81 S. Ct. 735, 741, 5 L.Ed.2d 760 [1961]).

14

The question whether a person is under arrest or in custody depends on "whether a reasonable person in defendant's position would have understood himself to be subjected to the restraints comparable to those associated with a formal arrest." United States v. Newton, 369 F.3d 659, 671 (2d Cir. 2004) (quoting United States v. Ali, 68 F.3d 1468, 1472 (2d Cir.1995)). Moreover, "a court must ask whether, in addition to not feeling free to leave, a reasonable person would have understood his freedom of action to have been curtailed to a degree associated with formal arrest." Id. at 672.

> Courts have looked at various factors in making this determination. These include:  whether a suspect is or is not told that she is free to leave, see Campaneria v. Reid, 891 F.2d 1014, 1021 n. 1 (2d Cir.1989); the location and atmosphere of the interrogation, see Oregon v. Mathiason, 429 U.S. 492, 494–95, 97 S. Ct. 711, 713–14, 50 L.Ed.2d 714 (1977); the language and tone used by the police, see United States v. Guarno, 819 F.2d 28, 31–32 (2d Cir. 1987); whether the suspect is searched, frisked, or patted down, see United States v. Wilson, 901 F. Supp. 172, 175 (S.D.N.Y.1995); and the length of the interrogation, see Berkemer, 468 U.S. at 437–38, 104 S. Ct. at 3148–49.

Tankleff v. Senkowski, 135 F.3d 235, 244 (2d Cir. 1998).

Mr. Eastman denies he made any inculpatory statements to the Waterbury detectives, as noted above.  Nonetheless, in addition and in the alternative, he also argues that any statements he did make, no matter what the content, cannot be used against him because they were the product of a custodial interrogation.  See Exhibit B at ¶ 15.

> **1.  Mr. Eastman was "in custody" in his home and at the police station.**

The entire series of events the evening of November 10, 2012 demonstrates that Mr. Eastman was in custody.

Once inside the Eastman home, the detectives placed Mr. Eastman in handcuffs and ordered him to sit down.  They did more than that.  One of the officers placed a hand on his shoulder and directed him to sit.  It was an unequivocal physical direction to sit, one that, had it been resisted, would certainly have been treated as resisting an officer.  While that officer remained standing over Mr. Eastman, another officer began searching the home.  See Exhibit B at ¶¶ 8 and 11.  When Mr. Eastman needed to use the bathroom, he had to ask permission to do so and was ordered to leave the door open so the police could observe him.  See Exhibit B at ¶ 10.

15

When Mrs. Eastman awoke she demanded to know why police were searching her home, and asked to see a warrant. <u>See</u> Exhibit B at ¶ 9. The police ignored her, and Detective Morgan subsequently omitted her presence – and her objections to his actions – from his version of events. As the intrusion was ending, Detective Morgan unhooked and seized a computer, again without the permission of either Eastman, or the display of a warrant, and without providing a receipt for the confiscated property. <u>See</u> Exhibit B at ¶ 11.

Mr. Eastman was transported to the police station in handcuffs in the back of the detectives' vehicle. At the police station, Mr. Eastman was threatened with being thrown in jail for the duration of a long holiday weekend.[2] <u>See</u> Exhibit B at ¶ 14.

### 2.   Mr. Eastman was subjected to interrogation.

By the Waterbury detectives' own admissions, they questioned Mr. Eastman in his home and at the police station about the matter they were investigating. <u>See</u> Exhibit D at Disc-0029.

### 3.   The government cannot meet is burden of proof to show that Mr. Eastman was advised of his <u>Miranda</u> rights.

As discussed above, according to handwriting expert John Reznikoff, the signatures on the Advisement of Rights form and Voluntary Statement Rights form do not match Mr. Eastman's signature. There is no other evidence that Mr. Eastman was advised of his rights. Even in Detective Morgan's report, he does not state that the Waterbury detectives verbally advised Mr. Eastman of his rights. It would have been very helpful if the Waterbury detectives had recorded the interview, but apparently they did not. The absence of a recording in this era is also indicative of – at a minimum – poor police practices.

Accordingly, even if Mr. Eastman had made the incriminating statements attributed to him, those statements would need to be suppressed.

_____

[2] The interview occurred November 10, 2012, the Saturday of the three-day Veterans Day holiday.

**V.      Conclusion**

The government cannot meet its burden of proof to show that the search and seizure and resulting custodial interrogation in this case was lawful.  Accordingly, all physical evidence and all purported statements attributed to Mr. Eastman must be suppressed, because they were obtained in violation of the Fourth and Fifth Amendments.

In the alternative, Mr. Eastman respectfully requests that the Court hold a hearing in this matter.

Respectfully Submitted,

THE DEFENDANT,
JOHN EASTMAN

FEDERAL DEFENDER OFFICE

Date: January 22, 2016          /s/ Kelly Barrett
                                Assistant Federal Defender
                                265 Church Street, 7th FL
                                New Haven, CT 06510
                                Phone: (860) 498-4200
                                Bar No.: ct27410
                                Email: kelly_barrett@fd.org